Bassett v. The City of St. Joseph.

NANNIE W. BASSETT, Appellant, *vs.* THE CITY OF ST. JOSEPH, Respondent.

1. *Damages—Streets, repair of—Negligence.*—Municipal corporations are bound to keep their streets in a reasonably safe condition. Failing to do so, they will be liable for all injuries resulting from their negligence.

2. *Damages—Streets—Excavations bordering on—Liabilities of cities for damages, etc.*—The liability of municipalities for damages caused by excavations is not restricted to cases where they actually extend into the street; if travel is thereby rendered dangerous, the authorities are equally bound to protect the public, whether they encroach on the highway or not. And the city is bound for damages resulting from neglect of proper precautions, even though the excavations were not made by its own agents, provided, it had received due notice of the existing facts.

3. *Cities—Excavations—Dangerous condition of streets—Neglect of city to repair—Contributory negligence—Kick of mule, etc.*—In a suit against a city to recover damages for injuries caused by plaintiff's falling into an excavation adjacent to a market place, where it appeared that the authorities were notified of the dangerous condition of the thoroughfare, and took no steps to guard the public from accident, and the evidence showed that plaintiff at the time of the casualty was exercising ordinary care and prudence, plaintiff would be entitled to recover, although it further appeared, that the primary cause contributing to the injury was the attempt of a mule to kick plaintiff, and that in avoiding this peril, he fell or jumped into the excavation.

4. *Cities—Streets to be kept in repair, to what extent—Streets opened.*—City authorities are only bound to keep such streets, and such parts of streets, in repair, as are necessary for their convenience and use of the traveling public. When a street is opened for use, it should be put in a reasonable safe condition.

5. *Damages—Cities—Excavations unlawfully extending into streets—Variance.*—In a suit against a municipal corporation for damages caused by plaintiff's falling into a cellar adjacent to a public street, where the petition charged that the excavation was unlawfully permitted to extend into the street; but the evidence showed that it was not unlawful *per se*, but became unlawful only in event that it was unlawfully permitted to remain without protection; *held*, that the petition was good after verdict, notwithstanding such variance.

*Appeal from Buchanan Circuit Court.*

*Loan, Hall & Oliver, and Hill & Carter,* for Appellant.

I. Municipal corporations are bound to keep streets, &c., in a proper state of repair and free from obstructions, so that they will be reasonably safe for travel, and if they neglect to do this, they will be held liable for all injuries resulting from such neglect. (Blake vs. City of St. Louis, 40 Mo., 569; Alger vs. City of Lowell, 3 Allen, 402; Beecher vs. Larkin, 19 Mo., 192.)

II. Where there is a choice of routes, either of which may be lawfully taken, the citizen is not bound to select the one least dangerous. (Huelsenkamp vs. Citizen's R. R. Co., 37 Mo., 537.)

III. Negligence of the corporation in regard to its duty, and ordinary care and prudence on the part of the individual, form the necessary elements of what it takes to constitute a cause of action. (Smith vs. City of St. Joseph, 45 Mo., 449.)

IV. The instruction given by the court on its motion ought to have been refused. The city has no right to have pit-falls dug, in and adjacent to the public thoroughfares, for the citizens to fall into, in their efforts to escape from other dangers in the street, which threaten them with great injury. All citizens are entitled to have the streets kept in a reasonably safe condition, as a means to escape any danger that may threaten them. (25 Iowa, 108; Ang. on Highways, § 295; City of Lacon vs. Page, 48 Ill., 499; Joliet vs. Verley, 35 Ill., 35; Palmer vs. Inhabitants of Andover, 2 Cush., 600; 16 Pick., 189; 6 Gray, 395.)

*Chandler & Sherman,* for Respondent.

I. If it were true that plaintiff was thrown into the excavation by means of being kicked by the mule, or was frightened thereby, so that she jumped in, the city is not liable for the injury resulting therefrom in any event. (32 Me., 46; 51 Me., 127.)

II. The excavation complained of was itself lawful, and was continued up to the time of the injury of plaintiff for a lawful purpose. (8 Ohio St., 358; Robbins vs. Chicago, 4 Wall., 676; 2 Black, (U. S.) 424; Chicago vs. Robbins, 2 Black, 426.) If the excavation was of itself lawful, and might lawfully be continued for a reasonable and necessary time, it devolves upon the plaintiff to show that the excavation was unreasonably continued, and that at the time of the injury the said excavation was exposed beyond what was necessary for building purposes, and also that the city had notice of that identical instance of exposure, and carelessly neglected it.

These facts must be pleaded as well as proved. A general charge of negligence against the defendant will not suffice. (4 Wall., 658; 42 Mo., 193; 49 Mo., 170; as to notice, see 4 Wall., 195; 5 Bosw., 497; 36 Barb., 226.)

III. The city's liability does not extend beyond the territory of the street, especially when the sole cause of the injury was an accident. (8 Metc., 392; Dillon on Mun. Corp., 753.)

VORIES, Judge, delivered the opinion of the court.

This action was brought by the appellant against the respondent, to recover damages for injuries sustained by the appellant, by reason of being precipitated into an excavation adjoining to, and extending into one of the public thoroughfares of the city, and which it is charged was by the negligence of the respondent left in an exposed and dangerous condition so as to endanger the safety of persons in passing along said thoroughfare.

The action was originally brought by the appellant and her husband, Jonathan M. Bassett, but he having died after the commencement of the action, the suit was abated as to him.

The petition, after stating the incorporation of the defendant and its duty to keep the streets and public ways of the city in good repair, &c., charges in substance, that about the 26th of May, 1869, the defendant not regarding its duties unlawfully, negligently and knowingly permitted a deep and dangerous excavation, extending into the public thoroughfare on the east side of Market Square in said city, to be open and unguarded to the great danger of all citizens passing along said thoroughfare and by said excavation; that the appellant in a lawful manner attempted to pass along said thoroughfare and by said excavation, when she was precipitated therein without any fault on her part. That she was greatly injured thereby and severely and permanently crippled; that said injuries were occasioned by reason of the negligent, careless and unlawful act of the respondent in knowingly permitting said excavation to be and remain in one of the most public thorougfares in the city, in an open

unguarded and exposed condition to the great damage of those passing by. Damages are claimed in the sum of twenty thousand dollars.

The defendant by its answer, after denying the allegations of the plaintiff's petition, sets up the following as a defense to the action :

"Defendant for further answer and defense to plaintiff's cause of action states, that one John Kirschner owned a lot of ground situate on corner of Felix St. and an alley running and extending from North to South between Felix and Edmond streets, in the City of St. Joseph, said alley being immediately east of Market Square in said city ; that said Kirschner, wishing and intending to improve said lot and to erect buildings thereon, made an excavation on said lot adjoining said alley for the sole purpose of laying a foundation for said building; that after said excavation by said Kirschner had been made and while said foundation was being built with all convenient dispatch, (the said excavation being carefully guarded by day and during the night time) the said Nannie W. Bassett carelessly, negligently and with great rashness attempted to pass along said alley in front of said excavation, while the said excavation was necessarily unfenced in order that materials for said foundation might be (as they were actually being) placed in said alley, and in full light of day, and that she, the said Nannie W. Bassett, while attempting to so pass said excavation as aforesaid, in the day time as aforesaid, had and held in her hand a large basket, and a number of articles of bright tinware ; that while so attempting to pass as aforesaid, said Nannie W. Bassett came near to a mule standing near said excavation and near where said Bassett was then and there attempting to pass by said excavation, and said mule by reason of the rattle and din of said tinware, so carried by the said Bassett, as aforesaid, became frightened and either kicked the said Nannie W. Bassett into, or the said Nannie W. Bassett being frightened at said mule jumped into said excavation, this defendant does not know which; and that all the injuries received and sustained by the said

Nannie W. Bassett were by, and resulted from, her careless and rash attempt to pass along as aforesaid by said excavation, and her being thrown into said excavation as aforesaid, and not from any fault of defendant; that at the time of plaintiff's attempt to pass said excavation as aforesaid, there was then and there another and safe way to pass by said excavation in full sight of said plaintiff, which she could have passed and traveled through without injury or danger to herself."

"Wherefore defendant avers, that the plaintiff carelessly and negligently contracted whatever injuries she received without the fault of the defendant."

To this answer plaintiff filed a replication, in which she admits that Kirschner made an excavation on the lot described in the answer, but charges that said excavation extended into and obstructed the thoroughfare as stated in the petition, and denies all other allegations in the said answer.

Upon these issues the parties went to trial. The record in the cause presents a large mass of testimony offered by the parties on each side of the case, which it is not necessary to notice for the purposes of this case, further than to state, that each party introduced evidence which tended to prove the issues on their behalf respectively. The evidence on both sides tended to prove, that the plaintiff, in attempting to pass along the sidewalk connected with the public street or thoroughfare opposite to the excavation complained of, and between said excavation and a wagon standing in the street to which was attached a pair of mules, was kicked at by one of the mules, and that she was either kicked into the excavation, or in her effort to avoid the mule was precipitated into the excavation.

At the close of the evidence the plaintiff moved the court to give the jury several instructions, all of which were refused. The court then, at the request of the defendant, instructed the jury as follows:

"It is admitted by the pleadings in the case, that so much of the excavation complained of by the plaintiff in her peti-

tion, as was made upon the premises of John P. Kirschner, was for the sole purpose of erecting a building thereon and improving the same ; and the court instructs the jury, that said Kirschner had the right, during the time he was so building upon and improving his lot, to employ and occupy a reasonable portion of the street adjacent to said lot for a reasonable and necessary time for the purpose of aiding and facilitating said work."

"If the jury believe from the evidence in this case, that there were sufficient barriers and obstructions in the street and sidewalks, around the said excavation at the time of plaintiff's alleged injury, to notify or warn the public of the existence of said excavation, the plaintiff was bound to exercise reasonable and ordinary care and prudence to avoid any accident or injury therefrom ; and if they believe, that plaintiff in so attempting to pass by said excavation was injured by being precipitated therein, which injury she might have avoided by the exercise of ordinary care and prudence, they will find for defendant.

"Unless the jury believe from all the evidence in the case, that the excavation into which the plaintiff fell extended into the highway, and that said excavation was by the defendant carelessly, negligently and knowingly left unguarded at the time of the alleged injury to plaintiff, they will find for the defendant."

To the giving of these instructions the plaintiff objected and excepted. The court then on its own motion instructed the jury as follows :

"The court instructs the jury, that if they believe from the evidence, that one Kirschner on his lot near the Market Square in St. Joseph, and which said lot is bounded on the North by Felix street and on the West by the public thoroughfare, on the East side of said Market Square, about the month of May, 1869, had excavated a cellar ; and in so doing had extended the excavation to the West of said lot into said thoroughfare, and that said cellar excavated as aforesaid was negligently left without such protection as would prevent

persons, who were attempting to pass thereby, from being precipitated therein, and that the city authorities had notice of the exposed condition of said thoroughfare; and if the jury further find from the evidence, that the plaintiff on or about the 26th day of May, 1869, in passing with ordinary care along said thoroughfare was precipitated into said cellar and thereby injured, the jury will find for the plaintiff, and give damages for the full amount of the injury sustained, not exceeding twenty thousand dollars; unless they further find, that said injury was caused solely by plaintiff's being kicked into said excavation by a mule, or that plaintiff impelled solely by fear of being kicked or injured by a mule jumped into such excavation and was injured thereby."

To the giving of this instruction by the court, the plaintiff also objected and excepted.

After this the plaintiff suffered a non-suit with leave to move to set the same aside. The motion to set aside the non-suit was filed in due time, setting forth as grounds therefor the action of the court in giving and refusing instructions. This motion being overruled the plaintiff again excepted, and appealed to this court.

The only real questions, presented by the record in this case for consideration in this court, grow out of the action of the court in giving and refusing instructions to the jury. It is well settled in this State, that it is incumbent on a city having full control of the streets therein, and of the improvements thereof, to keep them in a reasonably safe and good travelling condition. (Blake vs. City of St. Louis, 40 Mo., 569; Bowie vs. Kansas City, 51 Mo., 454.) And if it neglects so to do, it will be liable for all injuries happening by reason of its negligence. (Smith vs. The City of St. Joseph, 45 Mo., 449.) But whether facts shown by the evidence in a particular case constitute negligence on the part of the city, or whether the injury complained of was the consequence of negligence on the part of the city, are questions which are not always so easy to determine; in fact in these particulars, each case will be found to depend so much upon the facts and circum-

stances with which it is surrounded, that it would be very dif-. ficult to lay down any rule that would be applicable to all cases.

In the case under consideration, there was evidence tending to prove the issues made by each of the parties, we therefore have nothing to do with the details of the evidence, or with its sufficiency to prove the particular facts to which it relates; but the simple questions to be determined are as to the legality of the instructions given and refused by the court.

The instructions, asked for by the plaintiff and refused by the court, need not be further noticed here, than to say that the principles of law involved in them were contained in the instruction given by the court of its own motion, by excluding the qualification appended to said instruction by the court. The plaintiff does not complain of the principles of law, as presented by said instruction, in favor of the plaintiff's right to recover, but they do complain of the qualification given to those principles by the latter part of the instruction; of this matter I will speak hereafter.

The court at the instance of the defendant gave three instructions; of the two first, no particular complaint is made in this court, and they seem to be unobjectionable if accompanied by proper instructions, developing the other questions in the case.

The third instruction, given by the court at the instance of the defendant, tells the jury that unless they believe from the evidence, that the excavation, into which plaintiff fell, extended into the highway, and was by the defendant carelessly, negligently and knowingly left unguarded at the time of the alleged injury to plaintiff, they will find for the defendant.

This instruction assumes, that notwithstanding the excavation complained of was a dangerous one, and rendered travel on the highway passing thereby dangerous and hazardous, and notwithstanding the defendant knew of the dangerous condition of the street, and left it unguarded, and that in consequence thereof the plaintiff was precipitated into the excavation and was injured, yet if the excavation did not actually extend into the highway, the plaintiff cannot recover. This

cannot be the law. It would not be difficult to imagine many cases in which it would be as much the duty of the city authorities to protect the public, who travel its streets and highways, against dangers which do not actually form a part of the street, as it would be to protect them from obstructions or excavations forming a part of the street. A case may be supposed, where a deep excavation was made on the border of a street or sidewalk, at the corner of the street, where a sudden turn had to be made by travellers, and at a point where the ground or surface of the street descended so that it was difficult for persons to keep a foothold while turning the corner, and this matter was known to the city authorities, would any one contend that it would not become the duty of the city in such a case, to fix barriers to protect persons from being precipitated into such excavation; or that if any person should under such circumstances be precipitated into such excavation and injured, without his fault, the city would not be liable to him for the damages? I suppose that such a thing would hardly be contended, and yet, if this instruction be correct, it would result that no recovery could be had in such case, because the excavation, into which the plaintiff fell, was just out of, and at the edge of the street; and it would make no difference in such case, if the petition should allege that the excavation extended into the street. Such variance would be immaterial, and could mislead no one. All of the evidence in the present case shows most clearly, that the excavation was either extended into the highway a few feet, or came up to the edge of the highway. In such cases, if it renders travel dangerous, it is as much the duty of the city to protect the public against the danger in the one case, as in the other, and it makes no difference in such case, whether the excavation was made by the city, or made by another, except when not made by the authorities of the city, they would not be liable, until after they had notice of the dangerous condition of the street. In all such cases, the question is a question of negligence, or no negligence, on the part of the city authorities, and this will depend on the other question, whether it

was, under the circumstances of the case, the duty of the city to guard travellers against the danger. If the excavation being outside of the street did not render it dangerous to travel, and the highway still remained reasonably safe to travellers, it would not become the duty of the city to place either guards, or other protection, to prevent persons from falling into the excavation; and of course, no negligence could be imputed; but whenever it begins to be the duty upon the part of the city to afford protection, then a neglect to perform the duty will create a responsibility upon the part of the city to those who may receive injury in consequence of such negligence, whether the injury is received by falling into an excavation that is in the street, or so near to it as to render it dangerous to those who travel upon the highway. (Alger vs. City of Lowell, 3 Allen, 402.) The case of Tisdale vs. Inhabitants of Norton, 8 Metc., 388, referred to by the defendant to sustain the doctrine of this third instruction, when properly considered, does not conflict with the view above taken of the law on the subject. In that case, the decision of the court was placed wholly on the wording of the statute under which the prosecution was had.

The remaining question to be considered in this case is, as to the propriety of the instruction given to the jury by the court on its own motion. By this instruction, the jury are in effect told, that although they might believe from the evidence that one Kirschner had made an excavation on his lot at the place named in the petition in this case; and that said excavation had extended into the public thoroughfare, and that said excavation had been negligently left without such protection as would prevent persons, who were attempting to pass thereby, from being precipitated therein, and that the city authorities had notice of the dangerous condition thereof, and although the jury might further find, that plaintiff, about the 26th day of May, 1869, in passing with ordinary care along said thoroughfare, was precipitated into said excavation, and injured thereby, yet if they should further find, that said injury was caused solely by plaintiff being kicked into said ex-

Bassett v. The City of St. Joseph.

cavation by a mule, or that plaintiff, being impelled solely by fear of being kicked or injured by a mule, jumped into such excavation, and was injured thereby, she cannot recover. This instruction in other words assumes, that although the jury may find the dangerous condition of the thoroughfare, and that the city authorities had notice thereof; that the city after notice, failed to take any measures to remedy the defect in the street, or to otherwise protect travelers against injury; and although the plaintiff was actually injured by being precipitated into said excavation, in attempting to pass said excavation, while traveling along said thoroughfare without any fault or negligence on her part, she might under these circumstances recover; unless the jury further find, that said injury was caused solely by plaintiff being kicked into said excavation by a mule, or that plaintiff being impelled solely by fear of being kicked or injured by a mule, jumped into such excavation, and was injured thereby.

The language of this instruction, it seems to me, is calculated to produce in the minds of the jurors some confusion of ideas. If the excavation was then extending into the public thoroughfare, in a dangerous condition, and the plaintiff carefully traveling thereby and being frightened by a mule, when attempting to avoid the mule was precipitated or jumped into the excavation and was injured thereby, I cannot see, how in the nature of things the kicking of the mule or the fright caused thereby could have been the sole cause of the injury. It is true that if it had not been for the attempt of the mule to kick, the injury might not have occurred; and it is equally true, that if there had been no excavation at hand, the kicking of the mule would have been harmless. How can it be said in such case that either the one or the other of these circumstances was the sole cause of the injury; necessarily each cause contributed, but it took both causes combined to produce the injury. I suppose that the instruction was intended to convey the idea, that notwithstanding the negligence of the defendant in failing to provide safeguards for the protection of travelers who were

passing obstructions in the street, if the primary cause of the injury was the kicking of the mule, or the attempt of the plaintiff to escape injury from the mule, no recovery can be had against the defendant. Upon this subject the authorities are conflicting, and any attempt to reconcile the cases on the subject would be wholly fruitless. In the State of Maine it has been held in a number of reported decisions, that in order to a recovery in such cases it must be proved, that the injury was occasioned solely by the neglect of the defendant, and not by the neglect of the defendant combined with another cause or accident. (Moore vs. Inhabitants of Abbot, 32 Me., 46; Moulton vs. Inhabitants of Sanford, 51 Me., 127, and other cases might be cited to the same effect.) In these cases it will be seen, that the sole cause must be the negligence of the defendant, and that there must be no other accident combined with the negligence which contributed to produce the injury, and of course when another cause is combined neither can be the sole cause of the injury.

In Massachusetts, Illinois and Iowa, the authorities are in conflict with those in Maine. In those States it has been held, that the circumstance, that the injury was partly the result of a defect in the street, and partly resulted from an accident unconnected with the defect in the street and without any fault on the part of the plaintiff, would not prevent a recovery. (The City of Joliet vs. Verley, 35 Ill., 63; City of Lacon vs. Page, 48 Ill., 499.) And it has been so held even where the primary cause of the injury was a pure accident. (Palmer vs. The Inhabitants of Andover, 2 Cush., 600; Mendersheid vs. City of Dubuque, 25 Iowa, 108; other cases might be cited to the same effect.)

In the case of Titus vs. Inhabitants of Northbridge, 97 Mass., 258, it is held that where a horse by reason of fright, disease or viciousness, becomes actually uncontrolable so that his driver cannot control him or direct his course or exercise any control over him, and he in this condition comes in contact with a defect in the street or highway, or a place defective for want of railing, by which an injury is occasioned, the

town is not liable unless it appears, that the injury would have occurred, if the horse had not been uncontrolable; but it is expressly stated in the opinion delivered in that case, "that a horse is not to be considered uncontrolable, that merely shies, or starts, or is momentarily not controled by his driver."

The authorities on the subject are collected and commented upon by Mr. Angel in his work on Highways (§§ 293 and following); by reference to which, it will be found that no general rule can be deduced from the authorities.

In the case under consideration the injury took place upon a public thoroughfare, or immediately adjacent thereto, the highway was adjoining to and formed a part of a public square for marketing purposes; in such place it is not to be considered unusual for teams to be standing and moving on the public grounds; nor is it to be considered unusual that a lady might become frightened at the movement of mules or other teams. These things are to be expected in such places, and it is to guard against injuries which might occur from these usual occurrences that the authorities of the city are bound to keep the streets in a condition of safety. In order to the responsibility of the city for injuries received by persons while traveling on the streets or thoroughfares of the city, two things must concur:

First—That the thoroughfare was out of repair by the negligence of the city; and

Second—That the plaintiff at the time of receiving the injury was using ordinary care.

The courts in Maine seem to hold, that it must also appear that the defect in the street was the sole and only cause of the injury, that if any accident, or other cause concurred in producing the injury, that no recovery can be had. We think that the cases in Massachusetts contain the better law; that if the street or sidewalk was out of repair, and after the city authorities were notified of the dangerous condition of the street or sidewalk, they carelessly permitted the street to remain in this dangerous condition, and the plaintiff while passing along said thoroughfare was precipitated into the

excavation and injured, while using ordinary diligence and care on her part and guilty of no fault, (all of which facts are assumed by the instruction under consideration to be true) she would have a right to recover, notwithstanding the cause contributing to the injury was the attempt of a mule to kick plaintiff, and she, in attempting to protect herself from injuries about to be inflicted by the mule, fell or jumped into the excavation and was thereby injured.

If the street was not in a dangerous condition, the city was guilty of no negligence in not protecting it with guards or railing; and if (as argued by the counsel for the defendant) the excavation was kept well guarded except for the purpose of introducing materials to the building being erected, and this was done in a careful manner, then the city was guilty of no negligence, and if there was a plain way to travel, which was safe and the plaintiff could have traveled over it, and she voluntarily chose to take a hazardous way, which was known or could have been known by her with ordinary diligence to be hazardous, then she was guilty of contributive negligence, or at least these are facts from which contributive negligence might be found by the jury. All of these facts were proper to be submitted to the jury, from which they might find a want of negligence on the part of the city on the one hand, or contributive negligence on the part of the plaintiff on the other hand; but they are matters with which this court has nothing to do; we only say, that the mere fact that the effort of the mule to kick plaintiff might be or was the primary cause of the injury is not, as a matter of law, sufficient to preclude the plaintiff from a right to recover.

We do not agree with the attorney for the plaintiff, that the city is required or bound to keep all of her streets in good repair under all circumstances. She is only bound to keep such streets and such parts of streets in repair as are necessary for the convenience and use of the traveling public. It may be, and doubtless is the case, that there are streets or parts of streets in many cities, which are not at present necessary for the convenience of the public, that will be brought

into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or the requirements of travel. All that is required in such cases is, that the city shall see that as the streets are required for use, they shall be placed in a reasonably safe condition for the convenience of travel. When a street is opened for use, it should be put in a reasonably safe condition.

It is further contended by the defendant, that there is a variance between the allegations in the plaintiff's petition and the case made by the evidence; that the petition charges, that a deep and dangerous excavation was unlawfully permitted to extend into the public thoroughfare; but the evidence and replication show, that the excavation was not *per se*, unlawful or careless on the part of the city; that it only became unlawful in the event that it was unlawfully permitted to remain without protection. . This objection is extremely technical and cannot avail under our liberal system of practice and pleadings. The petition would at least be good after verdict, as it cannot be seen how any one could be surprised or mislead by such a variance. (Reeves vs. Larkin, 19 Mo., 192; Alger vs. City of Lowell, 3 Allen, 402.)

For the reasons set forth in this opinion the judgment of the Circuit Court should be reversed.

Judges Wagner and Napton absent; the other judges concurring, the judgment is reversed and the cause remanded.