————o————

COLMAN B. BROWN, Defendant in Error, *vs.* THE MAYOR, COUNCILMEN AND CITIZENS OF GLASGOW, Plaintiffs in Error.

1. *Damages—Municipalities—Failure to repair streets—Measure of liability.*— City authorities are bound to keep in repair only such streets and parts of streets as are necessary for the convenience and use of the traveling public, and where at the point of accident the street was abundantly wide and well repaired to enable persons, with the exercise of ordinary care, to avoid the injury, the city will not be responsible merely from the existence of a defect in the untraveled portion of the street.

*Error to Howard Circuit Court.*

*Mayor & Pitts,* for Defendant in Error.

*Turner & Cuples and W. H. Lewis,* for Plaintiffs in Error, cited Bassett vs. St. Joseph, 53 Mo., 290.

SHERWOOD, Judge, delivered the opinion of the court.

On the trial of this cause, the evidence tended to show that as plaintiff's wagon and team were being driven into the city of Glasgow, the team becoming frightened by persons riding up behind it and making a noise, commenced running away, whereupon the driver jumped out, leaving four women passengers in the wagon, that the horses then ran down the street towards the Missouri river, and after running about five squares, ran into a hole or gully on the side of the street, causing thereby the death of one of the horses and serious injury to the other, as well as considerable damage to the wagon and harness; that the hole or gully was not in the traveled portion of the street; that the part of the street where the hole was, could not be traveled, but that opposite the place where the accident occurred, the street was fifty-five feet wide, and the traveled portion thereof was thirty feet in width, and was in such condition that wagons and teams could, without any difficulty, safely travel along free from any danger in consequence of the existence of the hole or gully referred to, if ordinary care were used in driving them. Evidence was also adduced as to the amount of the damage sustained.

Upon this alleged state of facts, the plaintiff sought a recovery from the corporate authorities of the city, and the jury, under the instructions of the court, rendered a verdict in favor of the plaintiff.

The instructions given on his behalf, were to the following effect: that the defendants were required to keep the streets of the city in a proper state of repair, so that such streets should be reasonably safe for travel; and any neglect in this particular, resulting in injury, would render them liable to

the plaintiff to the extent of such injury, unless it were occasioned by the negligence or carelessness of plaintiff or his agent.

And the defendants were refused instructions, which told the jury in substance, that plaintiff, before he could recover, must prove that the alleged injury was occasioned alone by the alleged defect in the street, without any fault, neglect, and mismanagement on the part of himself or his driver ; and if that street was safe and in good order, of a sufficient width to have been traveled safely with ordinary care and prudence, and the damage was occasioned by the plaintiff's team getting from under the control of the driver and running away outside of the usually travelel portion of the street, to the spot where the accident took place, the defendants were not liable.

In a case recently decided by this court, that of Bassett vs. The City of St. Joseph, (53 Mo., 290) the subject of the liability of cities in respect to keeping their streets in repair, is fully discussed, and many of the authorities reviewed and commented on, and it is there held that the city is not " required or bound to keep all of her streets in good repair under all circumstances. She is only bound to keep such streets and such parts of streets in repair as are necessary for the convenience and use of the traveling public. * * * * * * There are streets or parts of streets in many cities, which are not at present necessary for the convenience of the public, which will be brought into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or the requirements of travel. All that is required in such cases is, that the city see that as the streets are required for use, they shall be placed in a reasonably safe condition for the convenience of travel."

In Titus vs. Inhabitants of Northbridge, (97 Mass., 258) where there was a defect in the highway, which the town was bound to keep in repair, and a horse, by reason of fright or otherwise, becoming actually uncontrollable, ran until he came to the above mentioned defect, and an injury was thereby occasioned, it was held that the town was not liable for the

Brown v. Mayor, Councilmen and Citizens of Glasgow.

injury, unless it further appeared that such injury would have resulted irrespective of the question whether the driver had lost control of the horse or not. And this case, although in conflict with the decisions in some other States, seems to me to enunciate the better doctrine. For it would certainly be a most unreasonable demand to require the corporate authorities of a city not only to provide safe and commodious streets for all ordinary purposes of travel, but to provide thoroughfares of such ample dimensions and such matchless grade, that accidents, even from runaway teams, would be absolute impossibilities.

In the case at bar the evidence conclusively shows, that the thoroughfare on which the accident occurred was of sufficient width for all the travel usual thereon, and that the exercise of only an ordinary amount of care would have prevented any injury, notwithstanding the defect which existed in the untraveled portion of the street; and that the injury which occurred to plaintiff, was not the result of the defect in the street *per se*, but of the driver losing or rather abandoning control of the horses.

For these reasons the instructions given on behalf of the plaintiff, although abstractly correct, should have been refused as having no applicability to the facts adduced in evidence.

On the contrary, the instructions asked by defendants should have been given; as not only did they state the law correctly, as laid down in the authorities I have cited, but they exactly fitted the case established by the testimony.

The judgment must be reversed and the cause remanded; all the judges concur.