———o———

HANNAH CRAIG, Respondent, *vs.* CITY OF SEDALIA, Appellant.

1. *Municipalities—Repair of streets, what necessary.*—Municipal corporations are only bound to keep such streets and parts of streets in repair as may be necessary for the use and convenience of the traveling public.

2. *Municipalities—Repairs of streets by—Requirements as to—Negligence—Jury.* —In order to render a city liable for defects or obstructions on its streets, it must appear that under the particular circumstances of the case, it was its duty to have removed the obstruction or repaired the defect, and that the person complaining was at the time in the exercise of ordinary care; and the facts are for the jury under appropriate instructions.

3. *Streets—Ill repair—Accident—Contributory negligence.*—Although a municipality may have failed to exercise proper care in the repair of its streets, and but for such negligence the injury would not have happened, yet the party complaining cannot recover, if he was aware of the defect, and failed to use ordinary care to avoid the accident.

27—VOL. LXIII.

| 63 | 417 |
| 97 | 154 |
|---|---|
| 63 | 417 |
| 99 | 652 |
|---|---|
| 63 | 417 |
| 45a | 602 |
|---|---|
| 63 | 417 |
| 111 | 184 |
|---|---|
| 63 | 417 |
| 54a | 116 |
|---|---|
| 63 | 417 |
| 62a | 231 |
|---|---|
| 63 | 417 |
| 71a | 533 |
|---|---|
| 63 | 417 |
| 150 | 55 |
|---|---|
| 63 | 417 |
| j95a | 3749 |

*Appeal from Pettis Circuit Court.*

*Sangree, Smith & Harrison,* for Appellant, cited : Brown vs. Mayor, etc. of Glasgow, 57 Mo. 156, 157 ; Titus vs. Inhabitants of Northbridge, 97 Mass. 258 ; Bassett vs. St. Joseph, 53 Mo. 290 ; Peoria Bridge Assn. vs. Loomis, 20 Ill. 235 ; Cassridge vs. Stockbridge, 2 Vt. 392 ; Shearm. & Redf. Negl. 496, § 417.

*L. L. Bridges,* for Respondent, cited : 54 Mo. 598 ; 53 Mo. 292 ; 40 Mo. 569 ; 45 Mo. 449 ; 42 N. H. 197 ; 16 Pick. 189 ; 13 Met. 53 ; also, July number Am. Law Reg. 1874.

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover the value of the plaintiff's horse which was killed, as it was alleged, in consequence of a negligent defect in one of defendant's streets. A water pipe had been laid longitudinally on the street on which the accident occurred, and within four feet of the centre line thereof. In filling the excavation, which had been made for laying this pipe, a ridge of earth and stones was thrown up from ten to fourteen inches higher than the general level of the street. At the time and place of the accident this ridge had settled somewhat, and was not more than six inches high. It was about two feet in width, and sloped gently to the surface of the street. Loose stones of various sizes, some of which had been used in macadamizing the street where the pipe was laid, were left lying on the surface east of the ridge, and in consequence of these impediments to travel, the east side of the street was not much used.

The street was sixty feet wide, and that portion lying west of the ridge mentioned, was thirty-four feet in width, and was, at the time of the accident, in good repair and unobstructed. The plaintiff's son was riding the horse, killed, northward along this street, with a loose rein and " at a pretty good lope," in day light, when the horse sheered, or shied, to the east, and encountering the ridge and loose stones, fell and broke his neck.

There was a verdict and judgment for the plaintiff from which defendant has appealed.

A number of instructions were asked defining the duty of the city with reference to its streets, which need not be noticed in detail.

The general doctrine is announced in all the books, that municipal corporations are bound to keep their streets free from obstructions and in such state of repair that they will be reasonably safe for travel, and that they will be liable for injuries occasioned by a neglect of this duty. But this duty is not an absolute and unqualified one. In the case of Bassett vs. The City of St. Joseph, (53 Mo. 290–303) it was expressly decided that a city is not bound to keep all of its streets in good repair under all circumstances; that it is only bound to keep such streets and parts of streets in repair as may be necessary for the convenience and use of the traveling public. It was further remarked in that case that " it may be, and doubtless is the case, that there are streets and parts of streets in many cities, which are not at present necessary for the convenience of the public, that will be brought into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or the requirements of travel, and that all that is required in such cases, is that the city shall see that as the streets are required for use, they shall be placed in a reasonably safe condition for the convenience of travel."

The same doctrine was announced by this court in the case of Brown vs. Mayor, of Glasgow, ( 57 Mo. 157) where the foregoing extract was quoted and approved. (See also Howard vs. Bridgewater, 16 Pick. 189.) Every defect or imperfection in the streets of a city is not actionable. It must appear that under the particular circumstances of the case, it was the duty of the city to have removed the obstruction or repaired the defect which occasioned the injury, and that the person complaining was at the time in the exercise of ordinary care.

These are questions of fact to be determined by the jury under appropriate instructions. In the case at bar, the court declared as a matter of law that it was the duty of the defendant to keep the whole of the street on which the accident occurred in repair. This was error. The duty does not arise solely from the exist-

ence of the power, but from considerations of necessity and public convenience. It is not incumbent on corporations to exercise, at all times, all the powers they possess. Power is conferred upon them to meet certain contemplated emergencies and should be exercised only when they arise. The defendant asked the court to instruct the jury that if the plaintiff's son was not using ordinary care at the time of the accident, but was riding in a careless or negligent manner, and over ground which he knew to be irregular and uneven, the city would not be liable. This instruction the court refused to give, but inserted after the word "uneven" the words "and by reason of the rider's own negligence and fault the horse was killed," and thereupon of its own motion, gave said instruction as amended.

The instruction as asked proceeded upon the theory that notwithstanding the city may have been negligent, and the horse would not have been killed but for such negligence, still, if the plaintiff's son was aware of the defendant's negligence, and failed to use ordinary care to avoid injury therefrom, the plaintiff could not recover. The correctness of the legal proposition embodied in this instruction is unquestionable. The amendment made by the court is faulty in that it fails to absolve the defendant from liability unless the injury resulted from the rider's own fault and negligence;—whereas the city should stand absolved even if it resulted from the concurring negligence of both—that is, from the fault of the city and the contributing fault of plaintiff's son. (Smith vs. The City of St. Joseph, 45 Mo. 452 ; Butterfield vs. Forrester, 11 East. 60 ; Smith vs. Union R. R. Co., 61 Mo. 591–2.)

The judgment will be reversed and the cause remanded ; all the judges concur.