WILHELMINA HECKLER, Appellant, *v.* CITY OF ST. LOUIS, Respondent.

### February 13, 1883.

1. MUNICIPAL CORPORATIONS — STREETS — NEGLIGENCE — DAMAGES. — Proof that municipal authorities had laid out a street and had directed it to be improved; that at the time of the accident the land remained in its natural condition, having a pond upon it into which the plaintiff fell while passing over private property used for travel around the edge of the pond, does not make a *prima facie* case of negligence against the municipal corporation.

2. —— The city was not liable without proof that, under the circumstances, it was its duty to have prepared the street and to have thrown it open for travel prior to the accident.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

F. GOTTSCHALK, for the appellant.

LEVERETT BELL, for the respondent.

Lewis, P. J., delivered the opinion of the court.

This is an action for damages sustained by the plaintiff in the drowning of her husband in a pond situate within the boundaries of Keokuk Street, in the city of St. Louis. The court instructed the jury, that upon the pleadings and evidence, the plaintiff was not entitled to recover.

The testimony tended to show the following facts : Prior to the accident referred to, Keokuk Street had been regularly laid out and mapped by the city authorities, and municipal ordinances and orders had been adopted and passed, directing that it be improved and thrown open to the public use. No substantial work had been done, however, at the point where the drowning occurred, and the street was still in the original condition of the natural surface of the ground. The pond spoken of covered the whole width of the street, and extended a considerable distance over the private property at each side. The street was much used in its approaches to the pond from either direction, and at that point the customary travel was over private property, around the edge of the pond. The plaintiff and her husband lived for many years close by, and habitually used Keokuk Street, with the deflection around the pond, in passing from their home to other places. The pond had been declared a nuisance, and the first steps were being taken to drain it when the catastrophe occurred. The deceased was returning to his home in the darkness of the night, and while passing around the edge of the pond, on private property, several yards from the street boundary, slipped in and was drowned.

The essential ground of the action is negligence ; that is, negligence on the part of the city to perform a duty devolved upon it as a municipal corporation, the performance of which duty would have prevented the loss of the plaintiff's husband by the means described. The duty demanded by this proposition was that of draining the pond and putting the ground covered by it in a passable condition. The con-

ditions require, further, that this draining should have been done before the drowning occurred — since it could have no effect at a later day to prevent the injury complained of. Our inquiry is thus narrowed down to the single question : Did the plaintiff introduce any testimony tending to prove that the city was chargeable with negligence or failure of duty in not having drained the pond, before or at the time when its waters were fatal to the deceased?

Said Hough, J., in *Craig* v. *City of Sedalia* ( 63 Mo. 417) : " In the case at bar the court declared, as a matter of law, that it was the duty of the defendant to keep the whole of the street on which the accident occurred in repair. This was error. The duty does not arise solely from the existence of the power, but from considerations of necessity and public convenience. It is not incumbent on corporations to exercise, at all times, all the powers they possess."

These terse expressions furnish the true explanation of a rule which the plaintiff seems to have misapprehended. The location of a street being settled, the time when its surface is to be put in proper condition for the public travel must be determined by many considerations, other than the wishes or the convenience of persons who may desire a thoroughfare. The condition of the municipal exchequer, the character, extent, and cost of the work required, its necessary interference with other works of equal or greater importance — these and other incidental matters must be fully weighed by the proper authorities before the laborers may be set to work, and before any delay in the actual improvement can be imputed to negligence or failure of duty. The settlement of these preliminaries is necessarily committed by the sovereign authority to the discretion of the municipal agents. Their judgment, therefore, upon any question of the proper time for the commencement of a proposed work must, at least in the absence of any showing of wilful malfeasance, be accepted as correct. The plaintiff in this case has not shown any fact whatever, having a

tendency to indicate that the improvement of Keokuk Street was delayed beyond a time when, in the sound discretion and properly exercised judgment of the authorities, it ought to have been begun.

When a located street is prepared for travel and thrown open to public use by the municipal authorities, this admits the fulfilment of all preliminary conditions. It assumes, on the part of the authorities, the duty of keeping the highway thenceforth in suitable repair, and invites the public to travel upon it, under an implied assurance that all may do so with safety. There can be no mistake then about the duty of the corporation, or its liability to one who may be damaged by an obstruction or defect not in consonance with the faithful performance of such duty. But that presents a very different sort of a case from the one before us. Here the plaintiff's loss of her husband was referable to a natural formation on the surface of the earth, which was shown on the trial to have "always existed, so far as was known." If she is entitled to recover, it would be quite as reasonable to hold the city responsible for the natural darkness in a district not yet lighted with gas. Judgment affirmed. All the judges concur.