WILLIAM TAUBMAN AND JOHN TAUBMAN, Respondents,
v. THE CITY OF LEXINGTON, Appellant.

Kansas City Court of Appeals, March 28, 1887.

1. MUNICIPAL CORPORATIONS—RESPONSIBILITY FOR ACTS OF PARTIES HOLDING FRANCHISE FROM—NOTICE—CASE ADJUDGED.—Where a defect in the street of a municipal corporation was occasioned by the act of a party authorized by the corporation to make use of the street, which resulted in producing the defect, the corporation will be liable without notice.

2. ——— DUTY OF KEEPING STREETS IN REPAIR.—When a street is thrown open to public use it is the duty of the city to keep the same in a condition reasonably safe for persons traveling thereon with ordinary care and prudence, and whether a given street is in such a condition is a practical question to be determined by the jury, in each case, by the particular circumstances.

APPEAL from Lafayette Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

The case is stated in the opinion.

WALLACE & CHILES, with R. A. HICKLIN, for the appellant.

I.   The court erred in striking out parts of defendant's answer. Such parts constitute good matters of defence to the petition. *Titus v. Inhabitants of Northbridge*, 97 Mass. 258.

II.   Defendant was only required to keep such part of its street in repair as was necessary for the convenience of the traveling public. *Bassett v. City of St. Joseph*, 53 Mo. 290; *Craig v. Sedalia*, 63 Mo. 417; *Brown v. Glasgow*, 57 Mo. 157; *Oliver v. Kansas City*, 59 Mo. 72; *Tritz v. Kansas City*, 84 Mo. 632.

III.   Obstructions resulting from proper construc-

tion are lawful.   1 Dillon Mun. Corp. [2 Ed.] sect. 519 ;
*Swenson v. Lexington*, 69 Mo. 157 ; *Tute v. Railroad*,
64 Mo. 149.   And in this case there was contributory
negligence.   *Craig v. City of Sedalia, supra ; Brown v.
Mayor, Councilmen, etc., of Glasgow, supra ; Titus v.
Inhabitants of Northbridge*, 97 Mass. 258, *supra ;*
Dillon Mun. Corp. [2 Ed.] sects. 788-9, notes and authori-
ties ; *Ibid.* 793 ; *Straus v. Railroad*, 75 Mo. 185 ; *Nelson
v. Railroad*, 68 Mo. 593, at 596-7 ; and see section 5
of the city ordinance read in evidence by plaintiffs.
*Turner v. Railroad*, 74 Mo. 602 ; *Porter v. Railroad*,
33 Mo. 128 ; *Zimmerman v. Railroad*, 71 Mo. 476, at
488-9 ; *Fletcher v. Railroad*, 64 Mo. 484, and cases
cited ; *Harlan v. Railroad*, 64 Mo. 480.

IV.   The petition does not contain any allegation of
*notice* to defendant of the alleged defect ; such averment
and proof was necessary in order to the liability of
defendant.   *Bassett v. St. Joseph*, 53 Mo. 290 ; *Mayor
v. Sheffield*, 4 Wall. [U. S.] 189 ; *Oliver v. Kansas
City*, 69 Mo. 79 ; *Bonine v. Richmond*, 75 Mo. 392 ;
Dillon Mun. Corp. [2 Ed.] sects. 790, 595 ; *Morgan v.
Bowman*, 22 Mo. 538.

V.   The court erred in excluding competent and
relevant evidence offered by defendant, which tended
to rebut the theory of negligence of defendant and to
show the contributory negligence of plaintiffs.   *Bonine
v. City of Richmond*, 75 Mo. 441.

VI.   The court erred in giving the instructions asked
by plaintiffs.   They are manifestly misleading, ignore the
issues raised by the pleadings and the evidence, and fail
to declare the law as to negligence.   *Staples v. Town of
Canton*, 69 Mo. 592 ; *Mauerman v. Siemers*, 71 Mo. 101 ;
*Henry v. Bassett*, 75 Mo. 89 ; *Nugent v. Curran*, 77 Mo.
323, 328 ; *Benson v. Railroad*, 78 Mo. 504, 513, 514 ;
*Abbott v. Railroad*, 83 Mo. 271 ; *Price v. Railroad*,
72 Mo. 414, 415 ; *Waldhier v. Railroad*, 72 Mo. 514 ;
*Edens v. Railroad*, 72 Mo. 212 ; *Bank v. Murdock*, 62
Mo. 70 ; *Donahoe v. Railroad*, 83 Mo. 560 ; *Stepp v.*

*Railroad,* 85 Mo. 222 ; *Sigerson v. Pomeroy et al.,* 13 Mo. 620 ; *Chappell v. Allen et al.,* 38 Mo. 213, 222 ; *Meyer v. Railroad,* 40 Mo. 151 ; *Clarke v. Hammerle,* 27 Mo. 55, 70 ; *Mead v. Brotherton,* 30 Mo. 201 ; *Sawyer v. Railroad,* 37 Mo. 240 ; *Zimmerman v. Railroad,* 71 Mo. 476 ; *Fletcher v. Railroad,* 64 Mo. 487, and cases cited ; 2 Dillon's Mun. Corp. [2 Ed.] sect. 789.

VII. The court below erred in overruling defendant's motion for a new trial. See authorities cited above. The court below also erred in overruling defendant's motion in arrest of judgment. The petition of plaintiffs does not state facts sufficient to constitute a cause of action against defendant. See authorities above cited.

VIII. The verdict of the jury is erroneous and defective. There are several causes of action and of damage averred in plaintiffs' petition, and there is but one general finding thereon, and it cannot be seen or known from such verdict, whether there was any finding on account of the alleged injuries to the sleigh, harness or double-trees. And the injuries to the horses, on the evidence, occurred from their being allowed by the driver to get away and run off, after the injury occurred to the sleigh, and outside of the city limits, at or near a county bridge. *Bricker v. Railroad,* 83 Mo. 391. On the whole case appellant respectfully submits that the judgment of the court below should be reversed and this cause remanded for a new trial.

BLACKWELL & STROTHER, for the respondents.

I. The court did not err in striking out parts of defendant's answer ; they constituted no legal, equitable or proper defence to plaintiffs' petition. Sects. 3521 and 3529, Rev. Stats. ; Bliss on Code Pleadings, sect. 423. The city could not surrender its jurisdiction over its streets, so as to relieve itself of liability caused by the improper and dangerous construction and operation of the street railway by Ewing, Leard and Young, under

their license, franchise and privilege. *Wallace v. Mayor of New York*, 2 Hilton, 440; *Mayor of New York v. Bailey*, 2 Denio, 433–45; *Mayor of New York v. Freuze*, 3 Hill, 612 and references; *Wendell v. Mayor of New York*, 39 Barb. 329; *Nelson v. Railroad*, 26 Vt. 717; *Blake v. City of St. Louis*, 40 Mo. 569. The city was bound to keep its streets, and all the appurtenances thereto, in order, and in safe condition, for vehicles passing over the same, either for business or pleasure, and failing to do so, was liable for damages resulting from such failure; it has supreme power and exclusive jurisdiction over such streets, and the corresponding duty of exercising reasonable care over them is a necessary concomitant of such jurisdiction. *Wallace v. Mayor of New York*, 2 Hilton, 440; *Browning v. City of Springfield*, 17 Ill. 143; *Hutten v. Mayor of New York*, 5 Sud. 163; *Mayor and Aldermen of Memphis v. Sasser*, 9 Humph. 757; *Mayor of New York v. Freuze*, 3 Hill, 612; *Mayor of New York v. Bailey*, 2 Denio, 433; *Boston v. City of Syracuse*, 37 Barb. 292; *Wendell v. Mayor of New York*, 39 Barb. 329; *Weightman v. City of Washington*, 1 Black (U. S.) 39; *Nebraska City v. Campbell*, 2 Black (U.S.) 590; *Lloyd v. Mayor of New York*, 1 Sud. 369; *Blake v. City of St. Louis*, 40 Mo. 569; *Oliver v. City of Kansas*, 69 Mo. 79.

II. The court did not err in overruling objections to evidence, because the petition did not aver notice of defects, or that the street was in the hands of a bailee for hire. The franchise granted by it was an extraordinary and unusual one, and such as would authorize obstruction, in some degree, of public travel. It, therefore, became, and was, the duty of the defendant to supervise, control and guard the construction and operating of said street railway, and to see that it was built, constructed and operated according to the terms and conditions of the law authorizing such construction and operation. And, having such control and supervision over said street railway, and the construction and opera-

tion thereof, the law presumes notice and knowledge, on the part of defendant, of any and all defects in such construction, and express notice is not required. *Swenson v. City of Lexington*, 69 Mo. 157 ; *Wendell v. The City of Troy*, 39 Barb. 337 ; *Stoers v. The City of Utica*, 17 N. Y. 108 ; *Currier v. Lowell*, 16 Pick. 170 ; Shearman & Redfield on Neg. sect. 170 ; *Bowie v. Kansas City*, 51 Mo. 454 ; *Tower v. The City of Sedalia*, 77 Mo. 431. If a reasonable time has elapsed, no express notice is necessary. *Market v. City of St. Louis*, 56 Mo. 189 ; 1 Thompson on Neg. p. 762, sub-sect. 6 ; *Smith et al. v. The City of St. Joseph*, 45 Mo. 449.

III. The court committed no error in the excluding of evidence offered by the defendant on the trial of this cause. Such evidence was incompetent, and inadmissible, and had no tendency, as claimed by appellant, "to rebut plaintiffs' theory of negligence on the part of defendant." The court committed no error in giving instructions to the jury on the part of plaintiffs. Said instructions presented the issues made by the pleadings fairly to the jury, and each and all of said instructions, in like cases, have been repeatedly approved by the supreme court.

IV. There is no error or defect in the verdict ; there is but one count in the petition,. and judgment is asked on said count for two hundred dollars, the aggregate damages resulting from one catastrophe ; the verdict is responsive to the pleadings and is a complete bar to another action for any of the injuries mentioned in plaintiffs' petition ; there is but one cause of action stated in the petition. It is alleged in the petition that the horses, harness and sleigh were injured at one and. the same time, at the same place, and because of the same defects in the street railway ; all damages, therefore, resulting therefrom, constitute but one cause of action, and a general verdict is proper. *Bricker v. Railroad*, 83 Mo. 660, 663.

V. The negligence of the defendant in regard to

its duty, and ordinary prudence and care on the part of Joseph Bethel, the driver of said horses and sleigh, formed and made the essential and necessary elements and issues in this action, and the trial thereof; and said elements and issues were sufficiently presented by the pleadings; that all proper, competent and relevant evidence was admitted, and that the instructions given by the court on the part of both plaintiffs and defendant completely covered the case; that the case was fairly tried, and we respectfully submit that the judgment should be affirmed. *Smith et al. v. The City of St. Joseph,* 45 Mo. 449.

ELLISON, J.—This is a suit for damages for alleged injuries to a pair of horses, harness, double-tree and sleigh, the property of plaintiffs, while hired to, and in possession of, one Joseph Bethel, on the twenty-fifth day of January, 1885, charging that defendant, a municipal corporation, unlawfully, carelessly, wrongfully and negligently, permitted Wm. H. Ewing, Alfred R. Leard and John C. Young, a firm to whom defendant had, by ordinance, passed April 21, 1884, by the city council and accepted by defendant, April 22, 1884, granted the license, franchise and privilege to construct a street railway, along certain streets of said city, to disregard and violate the terms and conditions of said ordinance, whereby public travel in vehicles, at the corner of South and Clark streets, was obstructed and endangered, and charging that such sleigh, while being driven by said Joseph Bethel, along South street, at such corner, without his negligence, as alleged, became entangled and fastened between said so-called guide-rail and the main track rail of said street railway, and that in consequence thereof, the horses broke loose from said sleigh and got beyond the control of said Bethel, and one horse had his leg broken, and was rendered valueless, and the other horse received injuries and damages to the amount of five dollars, and the sleigh to the amount of twenty-

five dollars, aggregating two hundred dollars, for which judgment is asked.

Defendant's answer, containing four separate defences, averred, among other things, that said Ewing, Young, and Leard, constructed such railway, at the place aforesaid, in compliance with the requirements and conditions of such ordinance; that there was sufficient space left and maintained on each side of said street railway track, at such point and place, for the safe and convenient passage of teams and vehicles, including plaintiffs' sleigh and horses, and set up contributory negligence on the part of plaintiffs and said driver, Joseph Bethel, directly contributing to, and causing the injuries and damage complained of by plaintiffs, several parts of which answer were by the court below, on motion of plaintiffs, stricken out.

There was no error in striking out the portions of defendant's answer complained of. That which was not a repetition of denials, already made, was either immaterial or irrelevant to the issues in the cause. Omitting the portion stricken out, the answer yet contains all the defences urged by defendant.

The objection to the reception of evidence under the petition, for the reason that it did not allege notice to defendant of the obstruction complained of, was not well taken for three several reasons. As this defect in the street was occasioned by the act of a party authorized by the corporation to make use of the street, which resulted in producing the defect, the corporation will be liable without notice. *Russell v. Columbia*, 74 Mo. 480; *Swenson v. City of Lexington*, 69 Mo. 167; *Stephens v. City of Macon*, 83 Mo. 345. But if notice was necessary it is sufficiently alleged. The charge in the petition is, that defendant unlawfully and negligently permitted the street car company to make the obstruction. Defendant could not negligently permit a thing not known to it, or which might not have been known by diligence. *Crane v. Railroad*, 87 Mo. 588, 594, 595.

Again, defendant, by its answer, expressly denies that it had any knowledge or notice of the defect, and has thereby chosen to understand the petition to contain all the facts, in this regard, essential to its liability. Bliss on Code Pleading, sect. 437.

There is a point urged by defendant's counsel that, in view of the decisions of the supreme court of Missouri, and our duty to follow them, is not free from difficulty. It is, that though this street was opened and used to its full width, yet, as there was confessedly sufficient width for ordinary travel, in good repair, on either side of the place of the accident, defendant is not liable. The point is based on the cases of *Bassett v. St. Joseph* (53 Mo. 290) ; *Brown v. Glasgow* (57 Mo. 156) ; *Craig v. Sedalia* (63 Mo. 417), and *Tritz v. Kansas City* (84 Mo. 632).

We must follow the rules and principles of law as they are announced by the supreme court, but I do not believe it is meant by these decisions to establish, as a test of plaintiff's right to recover, when he has used ordinary care, whether or not there was sufficient width of the street in repair for ordinary travel. If so, the trial courts might as well, in ninety-nine cases in a hundred, sustain a demurrer to the evidence, for in about that proportion of the cases there is unobstructed room for passing in other parts of the street.

The case of *Bassett v. St. Joseph* (*supra*), is the leading case on this subject, and it has been followed and approved in the succeeding cases. In each of the cases above referred to there is a quotation of a paragraph in the opinion of *Bassett v. St. Joseph*, which omits the last sentence in the paragraph. That sentence is of the highest importance, as it qualifies all that has been said before. It is that, "when a street is opened for use, it should be put in a reasonably safe condition." And so, Judge Black, in *Brennan v. City of St. Joseph*, a case not yet reported, says, "when a street is thrown open to public

use it is the duty of the city to keep the same in a condition reasonably safe for persons traveling thereon with ordinary care and prudence."

A city is not bound to exercise all its powers in regard to the opening of streets, but when it *does in fact* exercise such power, it is then its *duty* to see that the street is in a reasonably safe condition. When the whole of a street is opened for use, the individual has a right to expect that ordinary care and prudence will carry him safely over it.

There are streets in a city which the authorities may deem it expedient to open for public use. So there are streets which may not be needed to their entire width. It is not the duty, in all cases, of the municipality to open these, though it has the power to do it. Yet, as before stated, if it once exercises the power, and thereby invites the public to use them, it must keep them to this extent open, in a reasonably safe condition, for the convenience of travel, "and whether a given street was in such condition was a practical question to be determined by the jury in each case by the particular circumstances." *Brennan v. City of St. Joseph, supra.*

The instructions in the cause are of great length and cannot well be set out in an opinion. A careful consideration of the objections urged to them has led us to conclude that, under the evidence, no substantial or reversible error was committed in the court's action on those given, amended or refused. While they, perhaps, would not do as precedents for cases of this kind in general, and while there are propositions contained in some of them that are at least debatable, yet it is not seen where any harm could result therefrom to defendant when applied to the evidence in the cause. The issues in the cause are all submitted to the jury in such terms as to leave no room for misunderstanding.

The testimony of the driver was offered to prove that he had paid plaintiffs a portion of the damage

claimed. This was excluded by the court, but afterwards, when the witness was recalled, he stated, on cross-examination, that he refused to pay for the injury.

The evidence offered as to whose supervision the track was laid under, and the experience of the superintendent was properly excluded. And so was that offered to show that the driver "had no regular business, and was a person of no means whatever." We think these things did not have a tendency, as claimed by defendant, to disprove negligence on the part of defendant, nor collusion on the part of the driver and plaintiffs.

Other objections made to evidence have been considered, but are not deemed to be well taken.

Finding no error justifying a reversal, we affirm the judgment. All concur.