ELLA DOWNEND, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 8, 1897.

1. **Municipal Corporations:** STREET DEDICATION: ACCEPTANCE: LIABILITY. The mere dedication of ground for a street does not impose upon a municipality the duty to keep it in repair as a street, and there is no liability for damages resulting from such nonrepair; and whether there has been an acceptance of such dedication is a question of law and fact and should be submitted to the jury under proper instructions defining what constitutes an acceptance.

2. ———: ———: ———: ———: NECESSITY: OPENING. The mere acceptance of ground dedicated for a street does not impose the obligation to open for use, though the municipality has the power to do so, and it is not liable for injuries resulting from such failure to open, unless there is public necessity therefor.

VOL. 71 app—34

*Appeal from the Jackson Circuit Court.*—Hon. J. W. Henry, Judge.

Reversed and remanded.

*H. C. McDougal* and *L. A. Laughlin* for appellant.

(1) The court erred in refusing to instruct the jury peremptorily to find for the defendant, for the reason that there was no evidence that Twenty-third street has been accepted by the city as a public street. R. S. 1889, sec. 6570; *State ex rel. v. Chase*, 42 Mo. App. 343. In order to charge the municipality with the duty to repair, or to make it liable for injuries for suffering a street or highway to be or to remain defective, there must be an acceptance of the dedication, and this acceptance must be by the proper or authorized local public authorities. It may be express and appear of record, or it may be implied from repairs made and ordered, or knowingly paid for, by the municipal authorities. 5 Am. and Eng. Ency. of Law, 414; *Meiners v. St. Louis*, 130 Mo. 274; *Garnett v. Slater*, 56 Mo. App. 207; *Mayberry v. Standish*, 56 Me. 342; *Folsom v. Underhill*, 36 Vt. 580; *Oswego v. Canal Co.*, 6 N. Y. 257; *Landis v. Hamilton*, 77 Mo. 562; *Kennedy v. Cumberland*, 85 Md. 514; *Commonwealth v. Kelley*, 8 Gratt. 632; *Moore v. Cape Girardeau*, 103 Mo. 470; sec. 9 of art. 7 of the charter of Kansas City of 1875; sec. 8, art. 3, chap. 134, of Wagner's Statute. (2) The court erred in giving plaintiff's instruction number 1, and modifying defendant's instruction number 1, so as to submit the question of the acceptance of the street by the city, to the jury. Questions of law should not be submitted to the jury by instructions. *Fugate v. Carter*, 6 Mo. 267; *Hickey v. Ryan*, 15 Mo. 63; *Albert v. Besel*, 88 Mo. 150; *State, etc., v. Rayburn*, 31 Mo. App.

385; *Hudson v. R. R.*, 53 Mo. 525; *Carroll v. Campbell*, 110 Mo. 557; *Woods v. Campbell*, 110 Mo. 572; *Kennedy v. Cumberland*, 85 Md. 514–526; *Carondelet v. St. Louis*, 29 Mo. 527.

*J. F. Perdue* and *Wm. P. Borland* for respondent.

(1) The court did not err in refusing to instruct the jury to find for the defendant; and this for three reasons: *First*, there was ample evidence of dedication and acceptance of Twenty-third street as a public street; *second*, there was record evidence of statutory dedication and acceptance, and, *third*, the appellant itself submitted the question to the jury by its instructions. *Garnett v. Slater*, 56 Mo. App. 207; *Schenck v. Butler*, 50 Mo. App. 108; *Maus v. Springfield*, 101 Mo. 617; *Rosenberger v. Miller*, 61 Mo. App. 426; *Golden v. Clinton*, 54 Mo. App. 115–117; *Hill v. Sedalia*, 64 Mo. App. 498; Elliott on Roads and Streets, p. 147; *Madison v. Gallagher*, 159 Ill. 105. (2) The court did not err in giving the plaintiff's instruction number 1, and in modifying defendant's instruction number 1, so as to submit the question of acceptance of the street by the city to the jury. *Meiners v. St. Louis*, 130 Mo. 284; *Golden v. Clinton*, 54 Mo. 117; *Maus v. Springfield*, 101 Mo. 617; *Folsom v. Underhill*, 36 Vt. 580; *Hobbs v. Lowell*, 19 Pick. 405.

ELLISON, J.—This is an action for damages charged to have resulted to plaintiff by reason of her being injured on one of defendant's streets. The judgment was for plaintiff and defendant appeals.

A point was made at the trial whether the place of accident was a street of the defendant and this involves the question whether there had been an acceptance of it as a street by the city. Defendant now complains of the instructions on this head.

A landowner may dedicate a strip of ground for a street, but this does not impose upon the municipality the duty to improve and keep it in repair as a street. It must first be accepted by the city. *Meiners v. St. Louis*, 130 Mo. 274; *Garnett v. Slater*, 56 Mo. App. 207; *Landis v. Hamilton*, 77 Mo. 554; *Mayberry v. Standish*, 56 Maine, 342; *Folsom v. Underhill*, 36 Vt. 580; *Oswego v. Canal Co.*, 6 N. Y. 257. Until there is a duty to keep in repair there can be no liability for damages resulting from nonrepair. We do not understand the instructions to assert anything contrary to the foregoing. But the first instruction for plaintiff makes it necessary for the jury to determine what would be an acceptance. It submits the hypothesis to the jury whether the street had been "accepted by the city" without informing the jury what acts by the city would constitute an acceptance. This was error. *Carondelet v. St. Louis*, 29 Mo. 527; *Minor v. Edwards*, 12 Mo. 137; *Kennedy v. Cumberland*, 65 Md. 514. The question at a trial of a controversy whether a street has been accepted, is a mixed question of law and fact. If the facts are undisputed the court should declare their legal effect as a matter of law. If the facts are disputed each hypothesis should be submitted to the jury with a declaration of the legal effect following the finding of either. There was some cure for this error in an instruction offered by defendant, but that instruction was altered by the court so as, practically, to again leave to the jury what acts would be an acceptance.

On a retrial of the cause the same question will presumably arise. We will, therefore, state that under the ruling of the supreme court, there may be a dedication of lands in such manner as not to require an acceptance, as if they be dedicated in the manner pre-

*Margin note:* MUNICIPAL corporations: street dedication: acceptance: liability.

scribed by statute. *Meiners v. St. Louis*, 130 Mo. 274. It appears that under the charter of the defendant city, a plat duly made out and acknowledged, approved by the city council and recorded, whereby an addition is made to the city with a dedication of the streets therein marked out, vests such streets in the city without further. acceptance.

But it must not be assumed that merely from the formal act of a plat dedication of a street under the statute or charter of a town or city that

—: —: —:
—: necessity:
opening.

such municipality is thereby compelled to keep it in repair for travel of any one who may happen thereon. A municipality is not compellable to keep all grounds laid off and platted into streets in a state of repair for travel. *Walker v. Kansas City*, 99 Mo. 652; *Brennan v. St. Louis*, 92 Mo. 482; *Taubman v. Lexington*, 25 Mo. App. 226; *Craig v. Sedalia*, 63 Mo. 417; *Bassett v. St. Joseph*, 53 Mo. 303. In the latter case it was said that:

"We do not agree with the attorney for the plaintiff, that the city is required or bound to keep all of her streets in good repair under all circumstances. She is only bound to keep such streets and such parts of streets in repair as are necessary for the convenience and use of the traveling public. It may be, and doubtless is the case, that there are streets or parts of streets in many cities, which are not at present necessary for the convenience of the public, that will be brought into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or the requirements of travel. All that is required in such cases is, that the city shall see that as the streets are required for use they shall be placed in a reasonably safe condition for the convenience of travel. When a street is opened for use, it should be put in a reasonably safe condition."

So, while it has been repeatedly held that proof of an acceptance was necessary to hold a city liable for defective streets, except in such cases as where the dedication was as provided by statute or prescription, in which cases no proof of acceptance would be necessary, *Meiners v. St. Louis*, *supra*, yet it must not be assumed from this that in all cases of complete dedication a city is liable for injuries on its streets which have resulted from defects therein.

The mere filing of a plat which has been approved by the city council as provided by the charter or the statute, while it is a dedication which does not need an act of acceptance by the city to make it a perfect dedication yet it does not impose upon the city a duty to immediately work and repair such streets thus thrown upon it. They may be wholly unnecessary and altogether unused. They may be and often are in uninhabited portions of the city, and the city is not liable for injuries happening on such streets until it has assumed duties over such streets; or until they have become necessary to the public and have been so used by the public as to charge a duty on the city. There is a clear distinction between having the power and authority to open up a street and in actually using that power. We said in *Taubman v. Lexington*, 25 Mo. App. 226:

"There are streets in a city which the authorities may deem it inexpedient to open for public use. So there are streets which may not be needed to their entire width. It is not the duty, in all cases, of the municipality to open these, though it has the power to do it. Yet, as before stated, if it once exercises the power, and thereby invites the public to use them, it must keep them to this extent open, in a reasonably safe condition, for the convenience of travel, 'and whether a given street was in such condition was a

practical question to be determined by the jury in each case by the particular circumstances.'" The judgment will be reversed and cause remanded. SMITH, P. J., concurs. GILL, J., absent.