OLIVER v. THE CITY OF KANSAS, *Appellant.*

Duty of City to build Sidewalks: DAMAGES: EVIDENCE. It is the duty of a city, whenever the public convenience or necessities require it, to put the sidewalks of its streets in a reasonably safe condition, and if, instead of performing this duty, it permits the proprietors of adjoining property to construct sidewalks of their own in the street, it will be liable for all damages resulting from their unsafe condition. The passage of ordinances reciting that the common council deem it necessary that a particular sidewalk shall be constructed, and providing for its construction, amounts to an admission by the city that the public necessities require it.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

*S. P. Twiss* and *J. Brumback* for appellant.

*Cobb & Cook* for respondent, cited *Bassett v. The City of St. Joseph,* 53 Mo. 290, and *Brown v. The Mayor, &c., of Glasgow,* 57 Mo. 156, cited by appellant, as well as *Blake v. The City of St. Louis,* 40 Mo. 569, and *Bowie v. The City of Kansas,* 51 Mo. 454; *The City of Bloomington v. Bay,* 42 Ill. 503.

HOUGH, J.—On the 19th day of December, 1873, the plaintiff was injured in consequence of a defect in the sidewalk on west Ninth street, between Mulberry and Hickory

streets, in Kansas City. It appears from the testimony of the city engineer, that this street was in public use, and one of the principal thoroughfares of the city at the time of the accident, and had been since the summer of 1872, when it was graded by the city for the use of vehicles; but prior to the time plaintiff was injured no sidewalks had been constructed by the city. Plank walks of irregular width had been constructed by the owners of the adjacent property in front of their lots on the north side of Ninth street, one vacant lot excepted, in front of which three planks, each fourteen inches in width, were laid lengthwise, at an elevation of four or five feet from the ground, for the purpose of connecting the walks fronting the lots on either side of the vacant lot. The plaintiff while passing along said sidewalk in the night-time, supposing the same was continuous, missed the narrow walk formed by the three connecting planks, and stepping off beside it, fell to the ground below, and was thereby permanently injured. The condition of the street was known to the engineer, who had general supervision of the sidewalks of the city. On the 27th day of March, 1873, the city passed an ordinance providing for the grading of the sidewalk on the north side of Ninth street between Mulberry and Hickory streets, and on the 28th day of March, 1873, another ordinance was passed providing for building a plank sidewalk on the north side of Ninth street between the streets aforesaid. On the 14th day of July, 1873, another ordinance was passed providing for the construction of a plank sidewalk on the north side of Ninth street, between the above named streets, stating that the common council deemed it necessary to have said work done, and allowing the owners of the adjacent property twenty days in which to do the work themselves, and providing that what was not done in that time should be paid for in special tax bills against said property.

1.   The court instructed the jury : That, on the 19th day of December, 1873, the defendant was, and for a long

time had been, a municipal corporation, having, by the terms of its charter, the exclusive control and management of its sidewalks, and that it was the duty of defendant to keep the same on the streets in general public use for travel in a condition reasonably safe for persons passing along the same, in the day or at night, and if you believe from the evidence that Ninth street, between Mulberry and Hickory streets, was, at that time, such a street within the limits of said city, and that defendant neglected its duty, suffered and permitted a portion of the sidewalk, on the north side thereof, to be and remain in a condition dangerous to persons walking thereon at night, and that plaintiff, on or about said day, while walking in the night-time on said portion of said sidewalk, unaware of danger and using reasonable care, fell, because of said dangerous condition of said sidewalk, and was hurt and injured, then you are bound to find for plaintiff.

2. If you find for the plaintiff you will assess his damages at such a sum as you shall believe from the evidence will fully compensate him for the injuries received, and in a sum not exceeding $10,000; and in arriving at the amount you should take into consideration the extent and nature of the injuries, if any, received by plaintiff, together with the suffering caused by reason of such injuries.

The defendant moved the court to give the following instructions: 1. The jury are instructed that the passage of ordinances by the defendant, establishing the grade of Ninth street, and providing for grading the sidewalks and constructing sidewalks thereon, was not doing, or causing anything to be done for fitting or preparing for public use, that part of Ninth street intended or designed for sidewalks on the street.

2. If, from the evidence, the jury find that the defendant never, before plaintiff was hurt, constructed nor caused to be constructed a sidewalk on the north side of Ninth street between Mulberry and Hickory streets, and also find that the sidewalks at the point where plaintiff was hurt, at the

time of such hurt, were put down by private individuals without being authorized or required to do so by defendant, and that plaintiff was hurt on the part of Ninth street where the sidewalk would be when the street was fully constructed between the north line of the street and the place for the north gutter of Ninth street, and was so hurt on account of that part of the street being unsafe, from the manner in which said sidewalks had been constructed by private individuals, as before mentioned, and the want of lights, guards, railing or proper precautions to guard passers on such sidewalk from falling and injury, then the jury must find for defendant.

3.   If before plaintiff was hurt, defendant caused that part of Ninth street between the sidewalks to be graded and prepared for use, and the same was, when the accident to plaintiff occurred, used by the traveling public, and was reasonably safe and sufficient for the wants of such traveling public, and defendant had not before, or at the time the plaintiff was hurt, done, or caused to be done, anything for fitting or preparing for public use the north sidewalk of Ninth street between Mulberry and Hickory streets, and the hurt plaintiff seeks to recover for was received while he was traveling on that part of such street, not fitted or prepared for use, then the jury must find for defendant.

4.   If, from the testimony, the jury find that the defendant did not, before the hurt and fall of plaintiff, actually commence, or cause to be commenced, the improvement of the north sidewalk of Ninth street where plaintiff was injured, they must find for defendant.

5.   If the injury plaintiff seeks to recover for resulted directly from his own carelessness and want of care, then the jury must find for defendant, although there may have been some negligence or want of care on the part of defendant, which also contributed to cause the injury to plaintiff.

6.   If, before plaintiff was hurt, reasonable precautions had been taken to prevent injury to persons using the

street at the time and place plaintiff fell and was hurt, the jury must find for defendant. The court gave the fifth and sixth of said instructions, but refused to give the first, second, third and fourth, to which refusal defendant, at the time, excepted.

It is contended, on behalf of the city, that inasmuch as the walk by which plaintiff was injured, was not built by it or in pursuance of its requirements, but was built by the owners of the adjacent property, the city is not liable,. and that it cannot be held liable for the condition of the sidewalks until some work has been done, or some improvements have been made thereon by the city, and that no such improvements can lawfully be made except in pursuance of some ordinance. The sidewalk is a portion of the street set apart by the city for the exclusive use of pedestrians, and is as much under the control of the city as that portion of the street set apart for the use of vehicles. It is the duty of the city, whenever a street is required for public use, to put and maintain the same, or as much thereof as the public convenience may require, in a reasonably safe condition for public travel ; and this is a duty which it owes to pedestrians as well as persons using vehicles ; and for injuries arising from a neglect of this duty the city will be liable. And if the adjoining proprietors, or others, by obstructions, or unauthorized structures of any kind within the limits of a street which has been opened for public use, render the same unsafe for travel, and the city has notice thereof, and fails to remove or repair the same, it will be liable for any injury resulting therefrom. Dillon Mun. Cor., §§ 789, 790, 791. And this liability attaches to the city whether it adopts the legislation necessary for that purpose or not. It is its duty in such cases to adopt it.

In the present case, however, it appears that in March, 1873, ordinances were passed providing for grading the north side of Ninth street between Mulberry and Hickory streets, and for the erection of sidewalks thereon; and in July of the same year another ordinance was passed de-

claring that the common council deemed it necessary that sidewalks should be constructed on the north side of Ninth street, and allowing the owners of the adjacent property twenty days in which to do the work themselves. Surely, when the public necessities require that a street shall be fitted for public travel, and the city itself, recognizing and proclaiming that fact, passes an ordinance providing for grading and paving the same, it cannot absolve itself from all liability for injuries arising from the insecure condition of such street by thereafter neglecting to do anything further towards its improvements.

We see no error in the action of the trial court, and its judgment is affirmed. All concur.

AFFIRMED.