HAIRE v. THE CITY OF KANSAS, *Appellant*.

**Municipal Corporation:** DEFECTIVE SIDEWALK: DAMAGES: PLEADING. In an action against a city for personal injuries caused by failure to keep a sidewalk in repair, it is not essential that the petition should allege that the city owned the sidewalk; or authorized its construction or had adopted it as its own. Other allegations made in this case showing the duty of the city to keep the sidewalk in repair; *Held*, sufficient.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*D. S. Twitchell* for appellant.

*Wm. S. Carroll* for respondent.

HOUGH, C. J.—The plaintiff recovered $500 for injuries received by her in consequence of a defect in a sidewalk on the south side of twelfth street in the City of Kansas, over which she was passing on the 28th day of April, 1878. The petition alleges, in substance, that Twelfth street was, at the time stated, one of the most public thoroughfares

of the city, that the defendant had exclusive control of the same, that it was its duty to keep the same in repair, and that it was necessary for the convenience and safety of the public that the same should be kept in repair, and the city authorities negligently permitted the sidewalk by which plaintiff was injured to be and remain in an unsafe and dangerous condition for a long period of time prior to plaintiff's injury, well knowing that the same was unsafe and dangerous, by reason of the planks thereon being loose and unfastened, and that the plaintiff was injured while walking thereon, in the exercise of due care and without any fault or negligence on her part.

It is unnecessary to examine the phraseology of the petition critically and in detail. The petition is certainly good after verdict. It was unnecessary to allege, as the defendant contends, that the city authorized the construction of the sidewalk in question, or that it had adopted it as its own, or that it owned said sidewalk. *Oliver v. The City of Kansas*, 69 Mo. 79.

As there was ample testimony from which the jury might fairly infer that the city had been guilty of negligence in failing to repair the sidewalk by which plaintiff was injured, and as the instructions fairly presented the law applicable to the facts in evidence, we affirm the judgment. The other judges concur.