TRITZ *et al.* v. THE CITY OF KANSAS, *Appellant.*

1. **Municipal Corporation:** STREETS : NEGLIGENCE. Where a municipal corporation by its ordinance orders a street to be opened and undertakes to grade and keep it in reasonable repair for public use, it must fulfill such undertaking or be responsible to a traveler suffering injury from its neglect to do so.

2. —— : —— : ——. Where the city assumes such duty it cannot be heard to say that it failed to perform it because the time of its agents on whom it had devolved the work was so occupied with other duties as to prevent them from giving their attention to the street in question.

3. **City :** ACCEPTANCE OF CHARTER : DUTY TO PUBLIC. Where a city accepts a charter and elects to carry its powers into operation, it must be held to that degree of reasonable diligence which is due to the public. If it refuses to carry its granted powers into effect it cannot be compelled to do so.

4. —— : SIDEWALKS. A city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

REVERSED.

*Wash Adams* and *R. H. Field* for appellant.

(1)   The   court   erred   in   rejecting   the   testimony
offered by defendant tending to show that the city en-
gineer had not been guilty of negligence.   See charter of
Kansas City ; *Dewey v. Detroit,* 15 Mich. 307 ; Dillon
on Mun. Corp. (3 Ed.) secs. 308, 328, 948 *et. seq.   Taylor
v. Carondelet,* 22 Mo. 105 ; *Miller v. Sedalia,* 53 Mo.
159.   The city can act in no way in ordering and making
repairs except in the mode prescribed in its charter, that
being pointed out is exclusive of every other mode.
*Ruggles v. Collier,* 43 Mo. 353 ; also, and particularly,
page 395, same ; *Saxton v. Beach,* 50 Mo. 488 ; *Leach
v. Cargill,* 60 Mo. 316 ; *Saxton v. City of St. Joseph,*
60 Mo. 153 ; *Thompson v. Boonville,* 61 Mo. 282 ; *City
of Louisiana v. Miller,* 66 Mo. 467.   The rule is that
municipal corporations are not liable for injuries resulting
from failure to repair sidewalks, streets, etc., in the ab-
sence of an express statute to that effect, unless there
is a statute which clearly imposes an absolute and un-
qualified duty upon the municipal corporation *itself* to
keep the same in repair.   It is not sufficient to make it
liable that this duty may be imposed upon *its common
council.   Reardon v. St. Louis County,* 36 Mo. 555 ;
*Swinfield v. Franklin County,* 73 Mo. 279, and 6 Mo.
App. 39 ; *Tranter v. City of Sacramento,* 61 Cal. 271 ;
*Winbiggler v. City of Los Angeles,* 45 Cal. 36.   Dillon
on Mun. Corp. (3 Ed.) section 962 *et seq.,* to section 1017
inclusive.   A   municipal   corporation   cannot   be   held
liable for defective legislation of its common council, or
for the failure to legislate.   *Saxton v. City of St. Joseph,*
60 Mo. 153.   The only duty implied by appellant's
charter of keeping sidewalks in repair in giving the
*common council* exclusive control of the streets, is a
duty of the *common council,* not as a servant or agent
of the city, but as a public and state agency ; hence the
city is not liable under the charter, for the same reason

that counties are not liable in respect to defective roads, etc. *Swinford v. Franklin County*, 73 Mo. 279. For city cases on this proposition precisely in point, see 95 N. Y. 316 ; *Winbigler v. City of Los Angeles*, 45 Cal. 36 ; also, *Tranter v. City of Sacramento*, 61 Cal. 271 ; Dillon on ·Mun. Corp. (3 Ed.), condition 2 of section 1017. But we contend, also, that this power granted to· the common council of appellant, if not exercised by them, does not render appellant liable for their negligence or misfeasance in respect thereto, because such power or duty was conferred upon *the common council* by the legislature, not for the corporate or private benefit of the city, but for the benefit of the public. *Detroit v. Blakeby*, 21 Mich. 84 ; *Freeholders of Sussex v. Strader*, 3 Harr. (N. J.) 108 ; 46 Texas 526 ; 122 Mass. 344 ; Dillon on Mun. Corp., sections 965, 974, 975, *et seq.* ; *Murtaugh v. City of St. Louis*, 44 Mo. 479 ; *Heller v. Mayor, etc., Sedalia*, 54 Mo. 159. It is entirely with the legislature whether a municipality shall, or shall not,. be liable for injuries resulting from defective sidewalks. 30 Minnesota 545, 186. (2) Instruction numbered seven asked by appellant should have been given. It was a question of fact for the jury to determine,· whether or not it was necessary that the entire sidewalk should be kept in repair to accommodate the travel thereon ; for, if only a portion of it was defective and the remainder was good, safe and sufficient for the travel thereon, appellant could not properly be held liable herein. *Craig v. City of Sedalia*, 63 Mo. 417, and cases cited ; Dillon on Mun. Corp. (3 Ed.) section 1016 ; *City of Quincy v. Barker*, 81 Ill. 300. There was sufficient evidence before the jury to warrant this instruction. (3) The petition does not allege negligence or any facts constituting negligence in the matter complained of, hence the motion in arrest of judgment should have been sustained. *Winbigler v. Los Angeles*, 45 Cal. 36 ; *Tranter v. Sacramento*, 61 Cal. 271. Dillon on Mun. Corp. (3 Ed.) section 1025.

*Dunlap & Freeman* for respondent.

(1) The court did not err in rejecting the testimony of the city engineer. That it was the duty of appellant to keep its sidewalks in safe condition, and that it is liable for damages caused by its failure to do so, is shown by the following authorities: *Blake v. City of St. Louis*, 40 Mo. 569 ; *Bowie v. Kansas City*, 51 Mo. 454; *Smith et al. v. The City of St. Joseph*, 45 Mo. 449 ; *Oliver v. The City of Kansas*, 69 Mo. 79 ; *Russell v. Columbia*, 74 Mo. 480 ; *Halpin v. Kansas City*, 76 Mo. 335; *Haire v. Kansas City*, 76 Mo. 438. (2) This is not a case of defective legislation on the part of the city, but one of its neglect to perform a plain and well defined duty. (3) Instruction numbered seven asked by appellant, was properly refused. First, because there was no evidence to support it ; and secondly, because it is based upon a false construction of the law. (4) The petition sufficiently alleged appellant's negligence.

EWING, C.—A suit based upon the following petition was commenced in the circuit court of Jackson county in 1881 : " That plaintiffs were husband and wife ; that defendant is a municipal corporation, etc., and that as such corporation has exclusive control and power over the streets, sidewalks, alleys, landings, public grounds and highways of the city, to open, alter, widen, extend, establish, grade, pave, or otherwise improve, clean and keep in repair the same, to prevent and remove all encroachments thereon, or obstructions therefrom, and to regulate the building of vaults under sidewalks. That a certain street in said city, known as Sixth street, was and is one of the principal thoroughfares, and is used by the citizens thereof, and the public generally, and it was and is the duty of said defendant to keep the sidewalks on the north side of said street from Broadway to Bluff street in good and sufficient repair,

so that it would be safe for all persons passing over and along them. That on or about the second day of December, 1880, there was a broken plank in said sidewalk, on the north side of said Sixth street, about two hundred and eighty feet west from Broadway street, said plank being broken, left in said sidewalk a dangerous hole, which said dangerous hole was in said sidewalk on the second day of December, 1880, and had been there for a long time ; that it was not on said day, and had not been at any time protected by guards or any signal to indicate danger so as to prevent persons from falling into the same.

"That the plaintiff, Frances Tritz, on the second day of December, 1880, was lawfully traveling on said sidewalk on the north side of said street, between Broadway and Washington streets, and was wholly unaware of danger, or that there was a hole in said sidewalk, and did, accidentally, and without fault or negligence on her part, fall into said hole, whereby she received great bodily injury, and was made sick, and sore, and lame, and suffered, and does yet suffer great pain. That by said fall she dislocated her shoulder, which, on account of her age and the severity of the injury, has been left in an almost useless condition by becoming stiff and lame. On account of the facts above set out, the plaintiff, Frances Tritz, has been damaged in the sum of $5,000, for which sum and costs she asks judgment."

Defendant denied the allegations of the petition, and for further defence, says that the plaintiff ought not to have or maintain this suit for the reason that at the time and place of the alleged injury, plaintiff was guilty of negligence, which negligence on the part of plaintiff then and there directly contributed to the happening of said injury ; and that such injury was not the result of any carelessness or negligence on the part of the defendant as charged in plaintiff's petition. Wherefore, defendant asks to be dismissed with its costs.

Plaintiff introduced evidence tending to prove the

allegations of the petition and that the alleged defects in the sidewalk had been there for a long time, from one to two months or more, and rested.

Defendant then read in evidence certain ordinances of the city, and introduced John Donnelly, the city engineer, as a witness, who testified as follows: "I am city engineer of defendant, and have been since May, 1880; I never knew of the defect complained of before the injury received by Mrs. Tritz, and in fact, never knew or heard of it until some time afterwards; there are about eighty miles of sidewalk in this city, and were all of last year." Defendant then offered to show by the witness, "that the forces of defendant allowed by ordinance were faithfully and actively engaged in keeping its sidewalks in repair, ever since the passage of said ordinance, and that the force so allowed have done all in their power to keep all of the sidewalks of the defendant in good repair, and that the engineer has, also, during said period, faithfully devoted his time in the discharge of this portion of his duties to such purpose." The plaintiff objected to this evidence and her objections were sustained.

The ordinances referred to by the defendant were to the effect that: "The city engineer is hereby charged with the duty of keeping all pavements and planking of sidewalks, and all curbing and guttering along the sides thereof in good repair." Also, "section 1. That for the purpose of carrying out all ordinances of the city concerning improvements, repairs, plans, maps and condemnations, such assistance as may be necessary shall be employed therefor in number not to exceed the provision herein; and the compensation to be as herein provided as follows, to-wit: Two carpenters for sidewalk and crossing repairs at two dollars each per day; one horse and wagon for delivery of lumber for such repairs, and the driver to work as helper to the carpenter force at two dollars and twenty-five cents per day;

two helpers for carpenter force at not to exceed one and one-half dollars per day."

Defendant next introduced chapter six, revised ordinance, approved April, 1880, as follows: "Section 2. It shall be the duty of the city engineer, in addition to the duties imposed upon him by the city charter: first, to examine the condition of the streets, avenues, alleys, sidewalks and other public places, and keep the same in good repair; second, to cause to be carried into effect all ordinances of the city concerning streets and public places, to superintend and control the opening and improving thereof, and to prevent and remove all obstructions therein."

I. It is insisted by the appellant that the court below erred in excluding the evidence of the engineer. That the city had power to "devolve the repairing of all sidewalks, and keeping them in repair, upon the city engineer," which was done by general ordinance, and hence the city engineer is as the city in respect to keeping the sidewalk in repair, and if the engineer has not been negligent of that duty, the city has not. It is insisted that the whole power to open and keep in repair streets, etc., is vested by charter in the common council, and that it cannot be done except by ordinance. The seventh clause of the first section of the charter (Acts 1875, page 204), provides that the city council "shall have exclusive control and power over the streets, sidewalks, * * * to open, alter, widen, extend, grade, pave, or otherwise improve, clean, and keep in repair the same ;" and the thirty-fifth subdivision of the same section (Acts 1875, page 208), that the council shall have power "to provide for the appointment of all officers, servants, and agents of the corporation," etc. In pursuance of this authority in the charter, the common council by ordinance provided that, "it shall be the duty of the city engineer, in addition to the duties imposed upon him by the city charter, to examine the condition of the

streets, avenues, alleys, sidewalks, and other public places and keep the same in good repair." What is this, if not the appointment of an agent by the city, to perform a ministerial labor or duty? The city acts through its common council, and in that manner is authorized to appoint "servants and agents." Subdivision 35, sec. 1, p. 208, Acts 1875.

The offered evidence of the engineer was properly excluded. If the city, as we have seen, undertook to open and grade its streets, and keep them in reasonable repair for the use of the public, either by itself or its agents, then it must accomplish that undertaking or be responsible for its failure. It will not do to admit it assumed that duty, but failed to carry it out because the agent's other duties required his time, so that he could not perform this. If true, it is no defence to this action. If the city did not assume or undertake to open and improve a street, that is a legislative power for the exercise of which it must be its own judge; but if by ordinance a street is ordered to be opened, graded, etc., for public use, then under its charter the city has taken a step which it is bound to exercise with reasonable diligence, and for the neglect of which it is responsible to the public. If the city accepts a legislative charter and elects to carry its powers into operation, it must then be held to that degree of reasonable diligence which is due to the public. If it refuse to carry its granted powers into operation it cannot be compelled to do so. *Oliver v. City of Kansas*, 69 Mo. 79. There are many cases in which a city is not liable for the negligent acts of those whom it appoints. It is not liable for the negligence of firemen appointed and paid by it. In *Heller v. Sedalia*, 53 Mo. 159, it was said "the creation of a fire department was not for the peculiar benefit of the corporation, but for the public. And the officers of this department, although appointed by the city, are public officers, and not agents of the city, in the sense that renders the city liable for their acts or omissions of duty."

Dillon on Mun. Corp., sec. 974. "Police officers appointed by a city are not its agents or servants so as to render it liable for their unlawful or negligent acts in the discharge of their duties." *Ib.*, 975, 976, 977; *Wheeler v. Cincinnati*, 19 Ohio St. 19; *Patch v. Covington*, 17 B. Mon. 722; *Brinkmeyer v. Evansville*, 29 Ind. 187; *Campbell's Adm'r. v. Montgomery*, 53 Ala. 527; *Armstrong v. Brunswick*, 79 Mo. 319.

But the charter of Kansas City has repeatedly been under review by this court, and it has been held to be liable for negligence in failing to keep its streets in proper repair. In *Bowie v. Kansas City*, 51 Mo. 454, Judge Vories says: "I suppose there is no doubt, however, as to the liability of the city in such cases, for negligence in suffering the streets to remain in a dangerous condition, by which an injury results." See, also, *Halpin v. The City of Kansas*, 76 Mo. 335; *Oliver v. The City of Kansas*, 69 Mo. 79. The cases cited by the appellant from Michigan, New Jersey, Texas, and Massachusetts announce a doctrine in which I fully concur, to-wit: that a municipal corporation is not liable to an individual who may be damaged by the exercise, or failure to exercise legislative authority; and, also, that the political divisions of the state called counties, which have duties imposed upon them without their assent, by the law, are not liable to individuals for neglect in the performance of those duties, unless they are expressly made so by statute. And the authorities that I have examined generally agree upon this doctrine. But that is not the question here. Does a different rule, prevail where a municipal corporation accepts a charter which confers peculiar powers and privileges, and imposes special duties? This question has been repeatedly settled in this state. *Blake v. St. Louis*, 40 Mo. 569; *Smith v. St. Joseph*, 45 Mo. 449; *Oliver v. City of Kansas*, 69 Mo. 79; *Halpin v. City of Kansas*, 76 Mo. 335; *Heller v. Sedalia*, 53 Mo. 159; *Swineford v. Franklin County*, 73 Mo. 279. The question has been repeatedly and fully

considered by the Supreme Court of the United States and firmly settled that municipal corporations are liable in cases like the one at bar. In the case of *Weightman v. The Corporation of Washington*, 1 Black 39, Mr. Justice Clifford reviewed the authorities at length and says the doctrine is fully sanctioned in England and refers to *Henly v. The Mayor of Lyme*, 5 Bing. 91, which was taken by writ of error to the king's bench, and held in the same way by Lord Tenderden and his associates (see 3 Barn. & Adol. 77), and thence by writ of error by the same party to the house of lords where Baron Parke, with all the other judges and the lord chancellor concurring, affirmed the judgment. He also refers to numerous decisions since that time in this country approving the rule in that case. *Erie v. Schwingle*, 22 Penn. 384; *Storrs v. Utica*, 17 N. Y. 104 ; *Conrad v. Ithaca*, 16 N. Y. 159 ; *Browning v. Springfield*, 17 Ill. 143 ; *Smoot v. Mayor*, 24 Ala. 112, and various other authorities.

In the Michigan case referred to by the appellant, (*Detroit v. Blakeby*, 21 Mich. 84), which announces a different doctrine, Mr. Justice Cooley wrote a dissenting opinion in which he also referred to the cases reviewed by Mr. Justice Clifford in 1 Black, *supra*, and to various others, in which he says: "We are asked, therefore, to overrule a rule of law which is safe, useful and politic in its operation, and which has been generally accepted throughout the union, not through inadvertence or by surprise, but after careful, patient and repeated examination upon principle, by many able jurists, who have successively given due consideration to the fallacies supposed to underlie it. For my own part I must say that the fallacies are not clearly apparent to my mind, and I, therefore, prefer to stand with the authorities. * *. * And I should be inclined, if my judgment of its logical soundness were otherwise, to defer to the previous decisions." We believe, therefore, from reason as well as the great weight of authority,

that this question ought to be considered settled, in this state. There is nothing in the charter of Kansas City which exempts it from this conclusion.

II.   It is insisted by the appellant that the circuit court erred in refusing its seventh instruction which is as follows:

"The jury are instructed that negligence is the omission to discharge a duty, and the jury are instructed that it was not necessarily the duty of defendant to keep the whole width of the sidewalk in good condition, but was its duty only to keep so much thereof as was necessary to render it reasonably safe for travel, and the jury will find for the defendant, although they may believe that a part of such sidewalk was defective, provided they further believe from the evidence that at the point complained of only a part of such sidewalk was defective, also that the remaining part of it was sufficient and reasonably safe and convenient for the travel thereon." *Stephens v. Macon City*, 83 Mo. 345.

It has been held in this state, and is not an open question that where a city keeps such part of a street in reasonable repair, as may be necessary for the use of the traveling public, it is not liable for injury sustained by one who, in the exercise of ordinary care, may be injured on some other part of such street, which may be out of repair, and over which he may be passing, notwithstanding the corporation may have ordered the whole street to be opened and kept in repair. It has been decided by this court in *Bassett v. St. Joseph*, 53 Mo. 290, that a "city is not bound to keep all its streets in good repair under all circumstances. She is only bound to keep such streets, and such parts of streets in repair, as are necessary for the convenience and use of the traveling public. It may be and doubtless is the case, that there are streets, or parts of streets in many cities, which are not at present necessary for the convenience of the public, that will be brought into use by the

growth of the city ; or there may be streets that have more width than is necessary for the present use or requirements of travel. All that is required in such case is, that the city shall see that as the streets are required for use, they shall be placed in reasonably safe condition for the convenience of travel." This doctrine was approved in *Brown v. Glasgow*, 57 Mo. 157, and in *Craig v. Sedalia*, 63 Mo. 417. That then being the rule in relation to a street, its operation must apply as well to a sidewalk, and it would · be, therefore, right and proper in the case at bar to submit to the jury the question presented in the seventh instruction, to-wit : whether when a part of a sidewalk is defective through negligence, is the other part which is not defective "sufficient and reasonably safe and convenient for the travel thereon." This instruction should have been given if the questions of negligence and reasonable care on the part of plaintiff and defendant were properly presented to the jury.

To that end instructions numbered one, two, and three, were given on behalf of the plaintiff and are as follows :

"1.   The court instructs the jury that the defendant corporation is bound by law to use all reasonable care, caution and supervision to keep its streets and sidewalks in a safe condition for travel in the ordinary modes of traveling by night as well as by day ; and if it fails to do so after having notice express or implied of any defect, it is liable for any injuries sustained in consequence of such failure, provided the party injured exercised reasonable care and caution, and the fact that the plaintiff may in some way have contributed to the injury sustained by her, will not prevent her recovery, if, by ordinary care, she could not have avoided the consequences to herself of the defendant's negligence."

"2.   They are further instructed, that if they believe from the evidence, that the defendant did not exercise reasonable care and supervision over that portion of the sidewalk where the injury in question is alleged to have occurred, to keep it in good and safe condi-

tion; and by that means allowed it to become defective and unsafe; and if the jury further believe from the evidence, that the plaintiff, in attempting to walk along that portion of the sidewalk, by reason of such defect was injured, and has sustained damage thereby as charged in the petition, and that she was, at the time, exercising reasonable care and caution, in walking on said sidewalk, then the defendant is liable."

"3. They are further instructed that when the sidewalk of a city is out of repair, and the defect has existed for such a length of time, as by reasonable diligence in the performance of their duty, the defect ought to have been known by the corporate authorities, then notice will be presumed, and proof of actual knowledge will not be necessary to render the corporation liable for injuries sustained by a person in consequence of the defective condition of the sidewalk, if the person injured was using reasonable care in traveling upon such sidewalk."

Then on behalf of the defendant the following other instructions were given:

"2. The jury are instructed that the defendant is not bound to any greater degree of care and diligence than is sufficient to keep its streets and sidewalks in a reasonably safe condition, and if any accident occurs when they are in any such reasonably safe condition, the defendant is not liable for such accident."

"4. In determining the question or negligence or carelessness on the part of plaintiff, the jury will take into consideration all the facts and circumstances proved, including the construction of the sidewalk at the place where the injury is alleged to have occurred; that the accident happened in the day time; and, also, the knowledge of the plaintiff of the condition of the sidewalk if she had any such knowledge; and if, from all the evidence and circumstances of the case, they believe that negligence or want of ordinary care or prudence on the part of the plaintiff directly contributed to the acci-

dent which caused the injury sued for, they will find for the defendant."

"5. The court instructs the jury that although they may believe from the evidence that defendant failed to exercise ordinary care in not keeping the sidewalk in repair at the place where the injury to plaintiff is alleged to have happened, and but for such negligence the injury would not have occurred, yet the plaintiff cannot recover in this suit, if she was aware of the condition of the sidewalk and failed to use ordinary care to avoid the accident that caused the injury."

With these instructions all read together the question of diligence and negligence on the part of plaintiff and defendant was fairly presented to the jury for their consideration; and in connection with them we think the other question contained in the seventh instruction ought to have been given. Each particular case must, in large measure, be controlled by the facts surrounding it. But in every case it must appear that it was "the duty of the city to have removed the obstruction or repaired the defect which occasioned the injury, and that the person complaining was at the time in the exercise of ordinary care." *Craig v. Sedalia*, 63 Mo. 417. In our opinion, the seventh instruction, taken in connection with others, presented a question for the consideration of the jury which should have been submitted. We refer alone to the question contained in the latter clause of the seventh instruction, which in some proper shape should have been given; and for the failure to submit which the judgment is reversed and the case remanded for further proceedings in accordance with this opinion. Philips and Martin, Commissioners, concur; Black, J., not sitting.