J. E. NORTON, Respondent, v. THE CITY OF MOBERLY, Appellant.

### Kansas City Court of Appeals, June 15, 1885.

1. PRACTICE—INSTRUCTIONS.—When a case is once properly covered by the court's declarations of law, the refusal of others, though correct in themselves, is not error.

2. ——— WEIGHT OF EVIDENCE.—This court will not weigh the evidence to see whether the jury (in its opinion), came to a correct conclusion on the facts, in the absence of proof of passion, partiality or prejudice on the part of the jury.

3. ——— EVIDENCE OF INFORMATION TO A PHYSICIAN.—Information given to a physician or surgeon in his professional character and to enable him to prescribe for the patient in an intelligent and safe manner, is by the statute made incompetent, and the physician is prohibited from testifying concerning it. Section 4017, Revised Statutes of Missouri, 1879; *Gartside v. Insurance Company* 76 Mo. 449.

APPEAL from Boone Circuit Court, HON. GEO. H. BURCKHARTT, J.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

WILLIAM B. SANFORD, for the appellant.

I. The court erred in refusing the instructions asked for by defendant. In civil cases the plaintiff must prove his case by a preponderance of evidence. Greenleaf on Evidence, sect. 13 (13th Ed). And in actions for damages for negligence, the burden of proof, *i. e.*, preponderance of evidence, is on the plaintiff. Greenleaf on Evidence, sect. 74 (13th Ed); *Callahan v. Warne*, 40 Mo. 135; *Smith v. R. R.*, 37 Mo. 287; *Bolland v. R. R.*, 36 Mo. 491; *Lane v. Combie*, 12 Pick. 177; 58 Mo. 386; 66 Mo. 346; 65 Mo. 441.

II. The court erred in overruling motion for new trial. In order to liability of a city for injuries to persons on its streets, *two things* must concur. (1) That the

street was out of repair by the city's negligence.
(2) That plaintiff, *at time* of injury, was using ordi-
nary care. *Bassett v. St. Jo.*, 53 Mo. 302; 63 Mo. 419;
45 Mo. 449; 16 Pick. 189; 54 Mo. 598.    There was little
or no evidence that the city knew of the defective condi-
tion of the sidewalk, but on the contrary there was evi-
dence that it was in good repair.   The verdict, supported
by little or no evidence, should be set aside.   33 Mo. 565;
35 Mo. 412.

III.   The court erred in excluding that part of the
deposition of Dr. Weems (stating information derived
from patient as to how he got his ankle hurt).   The case
of *Gartside v. Insurance Company* does not apply here.
In order to exclude the testimony of a physician under
the statute (sect. 4017), two things must concur.   (1) The
information must have been obtained from the patient
either orally or by examination; and, (2) The informa-
tion must have been necessary to enable him to prescribe.
*Such concurrence did not exist* in this case.

No brief on file for the respondent.

Opinion by Ellison, J.

This is an action for damages on account of personal
injury received by plaintiff on one of the sidewalks in
the city of Moberly.   On a change of venue to Boone
county a trial was had resulting in a verdict for plaintiff
for one hundred and fifty dollars.   After an unsuccessful
motion for new trial defendant appeals, alleging as
error on the part of the circuit court the refusal of two
instructions offered; the overruling its motion for new
trial, for the reason the verdict was against the evidence,
and in striking out a portion of the deposition of plain-
tiff's physician.

The instructions given by the court for plaintiff and
defendant taken together amply cover all the issues in
the case, and without saying anything for or against
those refused as being correct propositions, it is sufficient,
and has been repeatedly so held, that when a case is once
properly covered by the court's declarations of law, the

refusal of others, though correct in themselves, is not error.

As to the second point, we deem it sufficient to say that we will not weigh the evidence to see whether the jury, in our opinion, came to a correct conclusion on the facts. There is nothing to show us or lead us to believe there was any passion, partiality, or prejudice, on the part of the jury so as to justify us in interfering with the result of their deliberations.

That portion of the deposition of the attending physician, in which, in his professional character, he asked plaintiff how he got hurt, and plaintiff's answer thereto, was properly stricken out by the court. This was information given him in his professional character and necessary to enable him to prescribe for the patient in an intelligent and safe manner. Information as to how and by what means one has received any injury appears to us to be of the greatest necessity for successful treatment by a physician. It is at least information they universally demand and receive from their patients.

The court's action was strictly in obedience to the command of the fifth subdivision of section 4017, Revised Statutes 1879 ; *Gartside v. Ins. Co.*, 76 Mo. 449.

There was no error committed by the court and we affirm the judgment. All concur.