Hattie Streeter, Respondent, v. City of Brecken-
ridge, Appellant.

Kansas City Court of Appeals, November 8, 1886.

1. Municipal Corporation — Defective Sidewalk — Liability to
Keep in Repair — Case Adjudged. — Where a sidewalk was con-
structed in the street, and with the knowledge of the officers of a
city used by the public for purposes of travel for many years, it
matters not that the city did not construct the sidewalk : it was the
duty of the city to have *removed* or *kept it in repair*. And it was
the duty of the city to have kept it in repair, although the other
portion of the street was sufficient for public use and conven-
ience.

2. ———— Negligence — Practice — Instructions — Common Error.
In a case, such as this, it is proper to submit to the jury, "whether
when a part of the sidewalk is defective through negligence, is the
other part, which is not defective, sufficient, and reasonably safe
and convenient for the travel thereon." *Tritz v. Kansas City*, 84
Mo. 632. And where the instructions asked by defendant are guilty
of the same fault as charged against plaintiff, defendant is not in a
position to complain of the action of the court in this respect.

3. Witnesses — Competency of — Case of Physician and Patient.
Under section 4017, Revised Statutes, a physician is not competent,
against plaintiff's objection, to testify concerning any information
acquired by him from his patient, by word of mouth or by an ex-
amination or inspection of his patient, while attending him as a
physician, which information was necessary to enable him to pre-
scribe for such patient. And so, also, as to any information, so ac-
quired by the physician, concerning the cause of his patient's con-
dition : it is not competent for the witness to tell, indirectly, that
which the statute forbids him to tell directly.

Appeal from Caldwell Circuit Court, Hon. James
M. Davis, Judge.

*Affirmed.*

Statement of case by the court.

This was an action for the recovery of damages on

account of injuries to the plaintiff alleged to have been caused by the negligent failure of defendant to keep the sidewalk on one of its streets in a reasonably safe condition.

The street in question was and had been for many years in constant and general use. Upon the street near the place of the accident was the post office. The sidewalk had been constructed many years prior to the accident. There was no evidence that the city had ordered the construction of the sidewalk by ordinance. The sidewalk was a board sidewalk, and, as the evidence introduced by the plaintiff tended to show, was in an unsafe condition. The sidewalk had been in general use ever since its construction.

The defendant examined Doctor Donaldson as a witness. The defendant claims that there was error in the rulings of the trial court shown by the following excerpts from the record:

"Doctor Donaldson testified: 'I know the plaintiff. Was called to see her in 1883. I am a physician and surgeon. Was called May 15, 1883, as a medical attendant.'

"Witness was then asked what was her condition, and what medicine he prescribed for her. Plaintiff objected to the question and the court sustained the objection."

The bill of exceptions shows that Doctor Donaldson was recalled and testified: "I was called in as plaintiff's physician and served in that capacity for several months. I prescribed for her and examined her as to her physical condition."

"The defendant then propounded the question to him: 'What, if anything, was the cause of plaintiff's troubles?'

"Plaintiff's counsel objected to the question and to allowing witness to answer the same. The objection was sustained and the court refused to allow witness to answer the same.

"Defendant then asked witness if from his knowledge of plaintiff's condition he would attribute her disability in any way to any fall she may have received in May, 1883. Plaintiff's counsel objected to the question and the court refused to allow the witness to answer the same.

"Defendant then asked witness whether he could, independent of any *disclosure made to him by plaintiff* while his patient, state the cause of her sickness or suffering. Plaintiff's counsel objected and the objection was sustained.

"The defendant then asked witness to what extent hysteria was the source of plaintiff's troubles, and what was the extent of her disability. To each of these questions objections were made and sustained.

"Witness was then asked whether, when he was first called as a physician, plaintiff informed him that she had fallen, or attributed her then condition to such a fall. Objection was made and sustained to the question."

The plaintiff had judgment and the defendant has appealed.

CROSBY JOHNSON and F. H BRADEN, for the appellant.

I. Municipal governments cannot delegate their powers. Corporate powers can only be exercised by the authorities specified in the charter. Cooley on Const. Lim. *204; Dill. Mun. Corp., sect. 212, p. 360; *St. Louis v. Clemmons*, 43 Mo. 389; *Thomas v. Boonville*, 61 Mo. 282; *Saxton v. Beach*, 50 Mo. 488.

II. Corporate authorities can only exercise their powers relating to streets by ordinance. Parol evidence is not competent to prove the existence or contents of an ordinance nor the duties of officers. *Stewart v. Clinton*, 79 Mo. 603; *Thompson v. Springfield*, 61 Mo. 282; *City v. Miller*, 66 Mo. 467; Rev. Stat., sect. 5001.

III. While a city is in duty bound to keep its

streets free from obstructions and impediments which would endanger travelers, it is under no obligation to put down or maintain walks for their accommodation, until its government has, by ordinance, recognized the necessity and imposed upon the city such duty. *Blake v. St. Louis*, 40 Mo. 569 ; *Smith v. St. Joseph*, 45 Mo. 449 ; *Bowie v. Kansas City*, 51 Mo. 454 ; *Craig v. Sedalia*, 63 Mo. 417 ; *Haire v. Kansas City*, 76 Mo. 438 ; *Bassett v. St. Joseph*, 53 Mo. 290. The power to establish sidewalks involves the exercise of legislative powers and the city cannot be compelled to exercise the power. *Tritz v. Kansas City*, 84 Mo. 632 ; *Keating v. Kansas City*, — Mo. —.

IV. A city is only bound to keep in repair so much of its streets as may be necessary for the traveling public. *Bassett v. St. Joseph*, *supra ;* *Tritz v. Kansas City*, *supra*. Whether defendant failed in its duty of keeping the street in proper repair was a question for the jury. *Craig v. Sedalia*, *supra*.

V. The physician was a competent witness as to the extent of plaintiff's disability. *Linn v. Ins. Co.*, 8 Mo. App. 363. Unless the disclosure was designed to aid the physician in prescribing for his patient it is not privileged. *Collins v. Mack*, 31 Ark. 684 ; *Campen v. North*, 39 Mich. 606.

C. H. MANSUR, also for the appellant.

I. There is in this case no evidence that the city had ever, by ordinance, undertaken to regulate the street ; nor any evidence that its authorities had adopted any ordinance for the establishment of the sidewalk, and as the *mode* for exercising its powers is prescribed by its charter, it follows that the walk was not a public or city sidewalk. Dillon Mun. Corp., sects. 244–47, 610 ; *Cross v. Morristown*, 18 N. J. Eq. 305.

II. The court erred in excluding the evidence of the witness, Donaldson, a physician, and refusing to allow him to answer the several questions propounded to

him. None of the evidence called for was privileged. *Campen v. North*, 39 Mich. 606 ; *Railroad v. Martin*, 41 Mich. 571 ; *Edington v. Ins. Co.*, 77 N. Y. 564.

CHAPMAN, and BROADDUS & WAIT, for the respondent.

I.    The city has the power to construct and repair sidewalks. It is responsible whether it exercises the power or not. *Salisbury v. City of Ithaca*, 94 N. Y. 27 ; *City of Richmond v. Long's Adm'r*, 17 Gratt. [Va.] 375 ; *Oliver v. City of Kansas*, 69 Mo. 79 ; *Allbritain v. Mayor*, 60 Ala. 486 ; *Barnes v. Dist. Columbia*, 91 U. S. 540 ; *Cleveland v. St. Paul*, 18 Minn. 279 ; *Haire v. City of Kansas*, 76 Mo. 438 ; Cooley on Torts, 625 ; Dillon Mun. Corp., sect. 789.

II.    If a stranger erects a sidewalk and the city fails to *repair or remove it*, the city is liable. And if a city is obliged to take charge of a street, and remove or repair sidewalks therein, then, having, *by law*, charge of it, they have, *in fact*, charge of it ; and are responsible to the same extent as if it had been formally and legally laid out. Dillon Mun. Corp. [3 Ed.] sect. 1099 ; *Oliver v. City of Kansas, supra ; Haire v. City of Kansas, supra ; Honfe v. Town of Fulton*, 34 Wis. 619 ; *Barnes v. Town of Newton*, 46 Iowa, 567 ; *Lafayette v. Lorson*, 73 Ind. 367 ; *Stark v. Lancaster*, 57 New Hamp. 88 ; *Sewell v. City of Cohoes*, 75 N. Y. 45.

III.    A city may become responsible for its streets which become such by prescription or dedication. *Waterman v. Cuin*, 4 Paige (N. Y.) 510 ; Washburn on Easements, 128, 157. And when the evidence shows a *defective sidewalk* it is not requisite to give notice of the *particular plank* causing the injury. *Weisenburg v. City of Appleton*, 26 Wis. 56 ; *Aurora v. Williams*, 90 Ill. 61. In this case the city had notice, and the evidence of it is conclusive. *Boone v. City of Richmond*, 75 Mo. 437 ; *Russell v. Columbia*, 74 Mo. 80 ; *Springfield v. Doyle*, 76 Ill. 202.

IV.   Dr. Donaldson, respondent's physician was not competent as a witness, in this case.   *Wiler v. Ins. Co.*, 190 Ind. 92; *Gartside v. Ins. Co.*, 76 Mo. 446; *Gratton v. Ins. Co.*, 92 N. Y. 274; *Johnson v. Johnson*, 4 Paige (N. Y.) 460; *Briggs v. Briggs*, 20 Mich. 34. Besides the testimony, in the medical evidence, was immaterial, and hence harmless; and there being evidence to support the verdict this court will not reverse. Sect. 3775, Rev. Stat.; *Birney v. Sharp*, 78 Mo. 73. Besides the judgment is right, and will not be reversed for error committed against respondent.   *Lewis v. Curry*, 74 Mo. 51; *Moore v. Mount Castle*, 72 Mo. 605.

V.   It is the duty of a municipal corporation, through its officers and agents to repair a defective sidewalk with all reasonable diligence after its unsafe condition is known to it, or ought to have been known to it, or its officers.   Dill. Mun. Corp. [3 Ed.] sect. 1294; *Donseizer v. Cook*, 40 Ind. 69; *Requa v. Rochester*, 45 N. Y. 129; *Rapho v. Moore*, 68 Pa. St. 404; *Aurora v. Hillman*, 90 Ill. 61.   After streets are *opened* they and sidewalks must be kept in repair.   *Bassett v. St. Joseph*, 53 Mo. 290; *Craig v. Sedalia*, 63 Mo. 417.

VI.   This court will not reverse even for error in the instructions where appellant is not injured and the verdict is absolutely for the right party.   *Noble v. Mount*, 77 Mo. 235; *Porter v. Harrison*, 52 Mo. 524.

HALL, J.—The court instructed the jury that it was the duty of the defendant to have kept the sidewalk in a reasonably safe condition.   The defendant's counsel urge that such was not the duty of the defendant unless she had, in the manner prescribed by her charter, ordered the construction of the sidewalk, and unless, further, there was not in a reasonably safe condition, outside of the sidewalk, sufficient of the street for public use and convenience.   The point, then, is made that for the two reasons named the court erred in declaring, as a

matter of law, that it was the duty of the defendant to have repaired the sidewalk.

It is conceded that, if the defendant had constructed, the sidewalk, it would have been her duty to have repaired it, except only for the second of the reasons named above. The sidewalk was constructed in the street, and with the knowledge of defendant's officers it was used by the public for purposes of travel for many years before the accident. Under such circumstances it matters not that the defendant did not construct the sidewalk; it was the duty of the defendant to have removed or kept it in repair. So long as the defendant permitted the sidewalk to remain in the street and to be used by the public as a sidewalk, the sidewalk was the sidewalk of the defendant. *Salisbury v. City of Ithaca,* 94 N. Y. 27; *Oliver v. City of Kansas,* 69 Mo. 79; *Haire v. City of Kansas,* 76 Mo. 438.

The sidewalk was the portion of the street set aside for the exclusive use of pedestrians. *Oliver v. City of Kansas, supra.* And it was the duty of the defendant to have kept the sidewalk in repair although the other portion of the street was sufficient for public use and convenience.

In so holding we do not conflict with the rule established in this state that it is the duty of a municipal corporation only to keep in repair so much of a street as may be necessary for public use and convenience. *Craig v. City of Sedalia,* 63 Mo. 417; *Bassett v. St. Joseph,* 53 Mo. 290; *Tritz v. Kansas City,* 84 Mo. 632. Having prepared a certain portion of a street for the use of pedestrians and the other portion of the street for the purpose of other travel, a municipal coporation will not be permitted to excuse itself for a failure to keep in repair the portion prepared for the use of pedestrians on the ground that the other portion was sufficient for the travel of pedestrians as well as all other travel. The pedestrians have a right to use the portion of the street prepared for their use, unless such portion of the street be in such a

dangerous condition, known to them, as to make it negligent to use it.

The question of plaintiff's contributory negligence was properly submitted to the jury, and we will not disturb their finding upon that question.

In *Tritz v. Kansas City, supra*, it was held that in a case such as this it is proper to submit to the jury the question "whether when a part of the sidewalk is defective through negligence, is the other part," which is not defective, sufficient and reasonably safe and convenient for the travel thereon." The Tritz case contains the last expression of the opinion of the supreme court upon the question, and is controlling upon us without regard to what may be our opinion upon the question. The instructions given by the court for the plaintiff ignored, it is true, the question which, according to the Tritz case, the court should have submitted to the jury. But the instructions asked by the defendant were all guilty of the same fault, and for this reason the defendant is not in a position to complain of the action of the court in this respect.

Dr. Donaldson was examined as a witness by the defendant. Under section 4017, Revised Statutes, the witness was not competent, against plaintiff's objection, to testify concerning any information acquired by him from the plaintiff by word of mouth or by an examination or inspection of her while attending her as a physician, which information was necessary to enable the witness to prescribe for her. *Gartside v. Ins. Co.*, 76 Mo. 446 : *Linz v. Ins. Co.*, 8 Mo. App. 363.

The plaintiff's condition, and the extent of her injuries were facts necessary, of course, to enable the witness to treat her, and information concerning such facts acquired by the witness from the plaintiff while attending her as a physician was clearly within the statute. And so do we hold as to any information so acquired by the witness concerning the cause of the plaintiff's condition. Because, while it perhaps may be true, that it

was not necessary for the witness to have known such cause in order to have prescribed for the plaintiff, the witness could not well have testified to such cause without throwing some light on the plaintiff's condition. The witness could not have told the cause of the condition without also telling to a certain extent the condition.

The cause and the effect were so connected that to tell the one was also to tell the other in a measure. The same may be said as to the medicine prescribed by the witness for the plaintiff. It was not competent for the witness to tell indirectly that which the statute forbade him to tell directly. *Norton v. Moberly*, 18 Mo. App. 457.

The witness was asked whether he could independently of any *disclosures made to* him by the plaintiff while his patient state the cause of her sickness or sufferings. To the question the court sustained an objection. The defendant would not seem to have been harmed by the ruling of the court, for it does not appear that the defendant offered in evidence any information had by the witness independently of such disclosures. But in addition to that, the information to communicate which the witness was competent was not such as he possessed, acquired independently alone of *disclosures made to* him by the plaintiff, but was such as the witness possessed, acquired independently, not only of such disclosures, but also of any examination or inspection of the plaintiff made by the witness for the purposes already named. Had the defendant desired the information, if the witness had any such, which it was competent for him to give, the defendant should have plainly asked for it.

We think that the court properly sustained the objections made to the questions asked the witness by the defendant.

It is unnecessary for us to notice the points made by the defendant as to the action of the court in over-

ruling certain objections made by the defendant to certain evidence offered by the plaintiff, because under the views expressed in this opinion such evidence was harmless.

Judgment affirmed. All concur.