D. C. McCARROLL, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. **Appellate Practice:** EVIDENCE: DEMURRER: REVIEW. Where the entire evidence is not presented in the abstract, the appellate court can not say there was no evidence to sustain the verdict.

2. **Pleading:** PETITION: GRAVAMEN OF ACTION. The *gravamen* of a complaint of plaintiff's petition is not that defendant raised the grade in the street, but that the grade so raised was left without lights by reason of which the injury occurred.

3. **Municipal Corporations:** LIABILITY FOR CONDITION OF STREET. A city is liable for injuries resulting from pitfalls in its streets whether placed there by the city itself or third persons.

4. **Damages:** MEASURE OF: CONSTRUCTION. If an instruction for the plaintiff on the measure of damages is too general, the defendant should ask an instruction confining it to the proper elements of damage; an instruction in this case is not properly subject to the criticism of being too indefinite.

5. **Negligence:** ORDINARY CARE : INSTRUCTIONS.    Certain instructions on ordinary care when taken together are not subject to criticism, and it is not proper to single out a detached clause of an instruction and condemn it without reference to what remains.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*F. F. Rozzelle* and *H. C. McDougal* for appellant.

(1) The demurrer to the evidence should have been sustained. There was a failure of proof. *Clark v. Clark*, 58 Mo. App. 532; *Haniford v. The City of Kansas*, 103 Mo. 182; *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 414; *Edens v. Railroad*, 72 Mo. 212; *Bullene v. Smith et al.*, 73 Mo. 151; *Ely v. Railroad*, 77 Mo. 34. City charter, section 11, article 7, can only be enforced when the petition correctly alleges by whom the negligent, careless, or unskillful work was done. (2) Instruction number 4, for plaintiff, was erroneous. It did not limit or properly define the amount plaintiff was entitled to recover, if anything. *Jacquin v. Cable Company*, 57 Mo. App. 320. (3) Plaintiff's instruction number 6 was erroneous. It did not define "extraordinary care." *Wiser v. Chlesley*, 53 Mo. 547. It singles out particular facts. *Barr v. Kansas City*, 105 Mo. 550. (4) Instruction number 2, for plaintiff, was erroneous. It required the jury to "determine the question as to the safety" of the street, and not the reasonable safety. It singles out particular facts. *Railroad v. Stock Yards*, 120 Mo. 559, and cases there cited. (5) The verdict was excessive.

*Beebe & Watson* and *Alex Graves* for respondent.

(1) The appellant has not filed a complete abstract of the record, or so much as the substance of all the

evidence in the case; and the propriety of the court's ruling on defendant's demurrer is not before this court. *Merriwether v. Howe*, 48 Mo. App. 148; *Carpenter v. McDedavitt*, 53 Mo. App. 393; *Garrett v. Coal & Mining Company*, 111 Mo. 279. (2) There is no variance, or affidavit of surprise. (3) The gist of this action is negligence of the city in not maintaining barriers or lights along said wall after it was graded. (4) Plaintiff's instruction number 4, on measure of damages, is correct. *Oliver v. Kansas City*, 69 Mo. 81; *Loewer v. Sedalia*, 77 Mo. 439. The instruction in *Jacquin v. Railroad*, 57 Mo. App. 337, is not like the instruction in question. *Mellor v. Railroad*, 105 Mo. 456; *Golden v. Clinton*, 54 Mo. App. 118. (5) Plaintiff's sixth instruction is correct. This same instruction was approved by the supreme court of Missouri in *Loewer v. Sedalia*, 77 Mo. 438. Same principle is again approved in *Flynn v. Neosho*, 114 Mo. 567, and in *Taylor v. Springfield*, 61 Mo. App. 263. (6) The damages are not excessive.

GILL, J.—In the year 1887, under a franchise granted by defendant, a street car line was constructed on Vine street from Eighteenth street to the southern limits of Kansas City. A portion of this street was then in a rough and ungraded condition and was located along the course of a branch. In constructing the street railway line, the city required the company to bring up the surface of the roadway to a grade then established; and in order to retain the fill (which was ten to fifteen feet in some places) the street railway company was required to erect a stone wall, from the natural surface up to the level of the new grade. This wall was constructed under the supervision of the city engineer, and in accordance with an ordinance providing therefor, and was located on a line about ten feet from

the eastern limit of the street and parallel thereto. This wall served as the west bank of the branch which flowed along the east side of the street, and at the point where the plaintiff was injured the top of said wall and graded street was about nine feet above the bed of the stream. The tracks of the electric railway were laid east of the middle of the street and so close that the bottom step of the car was not more than four or five feet from the wall.

On a cloudy night in February, 1893, plaintiff got on a south bound car at Twenty-fourth and Vine streets, but after proceeding about half a block, the electric current was broken and the car stopped in the dark. Plaintiff then attempted to leave the car; stepped off the platform to the east; and after walking a few feet, fell into the ravine, or branch, above mentioned, and thereby received the injuries which furnish the basis of this action. There were no lights, guards, or barricades along or upon the wall in question and had never been, and the failure on the part of the city to so provide was charged as negligence on its part and such as occasioned plaintiff's injuries.

The case was taken by change of venue to Lafayette county, where on a trial before a jury plaintiff had a verdict and judgment for $1,250, and defendant appealed.

I. We find little trouble in ruling against defendant as to the first point made, to wit: That the trial court ought to have sustained a demurrer to the evidence. In the first place, the entire evidence is not presented in the abstract—it contains only a brief synopsis thereof. We can not undertake to say that there was no evidence to sustain the verdict, in the absence of a showing of what that evidence consisted. It is suggested, however, that plaintiff, in his petition, complained that the defendant wrongfully elevated the sur-

face of Vine street so as to leave the grade thereof ten feet above the natural surface of the east side, but that plaintiff's evidence was directed entirely to another and different cause of action. This is a gross misconception of the true nature of the petition. Unquestionably the defendant had the right to raise, or cause to be raised, the grade of Vine street, and of this alone plaintiff could not justly complain. But this is not the *gravamen* of this action. The petition charges: "*That said injuries were directly occasioned by the careless, negligent, and wrongful conduct of the defendant in failing to construct barriers along the east side of said Vine street, as aforesaid, and by reason of the careless, negligent, and wrongful conduct of defendant in not keeping the same well lighted at night, wherefore by reason of the careless, negligent, and wrongful conduct of the defendant, plaintiff has been damaged,*" etc.

As to who constructed the wall, or raised the grade of the street, so as to leave a dangerous pit into which the traveler might fall, is not material in a case of this kind. It was the duty of the city to look after its streets and keep them in a reasonably safe condition for the use of the traveling public, by night as well as by day. And if, then, third parties—even without warrant or authority—should enter upon the traveled highways of the city and dig dangerous pits into which the passer-by should fall and become injured, even then the city would be liable if it failed to repair, guard, or protect said dangerous place, within a reasonable time after it had knowledge thereof (actual or constructive), and provided further that the traveler was not himself guilty of contributory negligence. *Hinds v. City*, 22 Mo. App. 208–214; *Streeter v. City*, 23 Mo. App. 244–250; *Torpey v. City*, 24 Mo. App. 288–292; *Haire v. City*, 76 Mo. 438; *Oliver v. City*, 69 Mo. 79; *Barr v. City*, 105 Mo. 550.

However, the case at bar goes beyond the hypothesis just stated. The defendant city was itself responsible for the manner in which this street was constructed. The grade and wall were made and erected according to its own dictation, and left, too, in such dangerous condition for a period of six years before this injury. Our remarks thus far furnish a complete answer to points 1, 2 and 3 of defendant's brief.

II.   It is further objected by defendant's counsel that the court erred in giving plaintiff's instruction as to the measure of damages. The instruction is said to be too general; that it did not specifically set out the various elements of damage and limit the jury to a consideration of such as were proper. Admitting that the instruction complained of was too general, and yet, under the late rulings in this state, the judgment should not be reversed on that account. *Haymaker v. Adams*, 61 Mo. App. 581; *Browning v. Railroad*, 124 Mo. 55–71. We might state here, as was said in the case last cited: "The defendant asked no instruction on the measure of damages whatever. No attempt was made by it to point out the proper elements of damage in such cases, or to modify the general language of the instruction. The instruction is not erroneous in its general scope; and if, in the opinion of counsel for defendant, it was likely to be misunderstood by the jury, it was the duty of the counsel to ask the modifications and explanations in an instruction embodying its views." The decision of the supreme court from which we have just quoted has materially modified the prior holdings of that and this court.

But, however this may be, we do not think the instruction here considered subject to the criticism of being too general. It did not "turn the jury loose," to rove over a field of uncertainty; but did direct them in making up their verdict to base the same on the

extent of plaintiff's mental and physical pain, if any he had, together with the character and extent of injuries received, etc., which resulted from the defendant's negligence.

When plaintiff's instruction number 6 is considered as a whole, we fail to discover any just ground for the criticisms indulged in by defendant's counsel. While it states that plaintiff was not bound to use *extraordinary* care, and does not, in terms, define extraordinary care, said instruction yet correctly proceeds to advise the jury that plaintiff must have exercised *ordinary* care, and fully defines what was meant by the use of that term. Neither does the instruction give undue prominence to any certain fact in evidence and exclude a proper consideration of others material to the issues; the jury was told to consider all the facts and circumstances in evidence, in determining whether or not there was contributory negligence on plaintiff's part. I do not see how it is possible that the jury could have been misled by said instruction.

The like unsound criticisms are attempted as to plaintiff's instructions numbered 2 and 3. It is not proper to single out a detached clause of an instruction and condemn it without reference to what remains. When these instructions are considered in their entirety, they have not the faults assigned in defendant's brief.

Nor are we prepared to declare that the damages awarded by the verdict of the jury are excessive. If the testimony given in plaintiff's behalf is to be credited, he was seriously injured, and $1,250 can not be considered beyond a fair and reasonable compensation.

The evidence, in so far as it is shown by the abstract, discloses a meritorious case for the plaintiff; and as we discover no substantial error in the record, the judgment will be affirmed. All concur.