HENRY BRUEGGEMANN, Respondent, v. CARON-
    DELET ICE MANUFACTURING & FUEL
    COMPANY, Appellant.

### St. Louis Court of Appeals, February 4, 1913.

**MASTER AND SERVANT: Injury to Servant: Falling Into Un-
guarded Pit: Proximate Cause.** An employee, while endeavor-
ing to start a steam pump by means of a lever, lost his balance
and fell into an unguarded pit adjacent to the pump, as a result
of a sudden jerk of the lever, sustaining injuries he would not
have received if the pit had been reasonably guarded so as to
prevent persons from falling into it. *Held*, that the failure to
guard the pit, and not the sudden jerk of the lever, was the proxi-
mate cause of his injuries.

Appeal from St. Louis City Circuit Court.—*Hon.
William M. Kinsey*, Judge.

AFFIRMED.

*Watts, Gentry & Lee* for appellant.

The condition of the premises—that is, the un-
guarded condition of the pit—was not the proximate
cause of plaintiff's injury and he was therefore not
entitled to recover. The proximate cause was the jerk-
ing of the pump, which was a mere accident. Jackson
v. Elevator Co., 209 Mo. 506; Huston v. Railroad, 129
Mo. App. 586; Goransson v. Manufacturing Co., 186
Mo. 300; Foley v. McMahon, 114 Mo. App. 442; Jones
v. Cooperage Co., 134 Mo. App. 324; Fulwider v. Gas
L. & P. Co., 216 Mo. 582; Thornberry v. Milling Co.,
126 Mo. App. 660; Coal & Coke Co. v. Phaup, 121 S.
W. 651; P. H. & F. M. Roots Co. v. Meeker, 165 Ind.
132; Elliott v. Alleghaney County L. Co., 204 Pa. St.
568; Willis v. Armstrong, 183 Pa. St. 184; Oil Co. v.
Crawford, 122 S. W. 916; Railroad v. Dinius, 170 Ind.
222; Railroad v. Wiley, 118 S. W. 1127.

*Charles P. Comer* and *England & England* for respondent.

It cannot be said that the injury to plaintiff was caused by an accident. Plaintiff's injury was a natural and probable consequence of defendant's negligence in failing to safeguard the open pit at the place where plaintiff was required to work. The jerking of the pump was not the sole cause of plaintiff's injury. The injury was caused by the combined result of the jerking of the pump and the negligence of the defendant in maintaining the open and unguarded pit at the place where plaintiff was required to work. Under such facts, plaintiff is entitled to recover, if he was in the exercise of due care at the time of his injury. Bassett v. City of St. Joseph, 53 Mo. 300; Newcomb v. Railroad, 169 Mo. 409; Carterville v. Cook, 129 Ill. 152; Kube v. Transit Co., 103 Mo. App. 591; Musick v. Packing Co., 58 Mo. App. 334; Leine v. Contracting Co., 134 Mo. App. 561; Lore v. Manufacturing Co., 160 Mo. 626; Woodson v. Street Railway, 224 Mo. 707.

REYNOLDS, P. J.—This is an action for damages sustained by plaintiff from falling into a pit in the plant of defendant, appellant. It is alleged that there was an open pit in the room in which plaintiff was at work, that this pit was not surrounded by railings or other safeguards for the protection of employees, whose duty it was to work near it, the specific negligence and carelessness charged being failure to inclose the pit or otherwise safeguard it, and so failing to provide plaintiff, an employee of defendant, with a reasonably safe place in which to work. Damages are claimed in the sum of $7500 for injuries sustained, which consisted of fracture of plaintiff's left arm just below the shoulder.

The answer is a general denial with a plea of contributory negligence, the contributory negligence

charged being that plaintiff had gone into the room, alongside of which was this pit, without carrying with him a light, and without turning on the lights with which the place was equipped, which latter plea was put in issue by the reply.

The trial was before the court and to a jury. A verdict of $1200 having been returned in favor of plaintiff, judgment following, defendant, filing its motion for a new trial and saving exception to that being overruled, duly perfected appeal to this court.

Plaintiff's account of the accident, and he was the only witness to it, was that while in the employ of defendant as a night watchman and acting under the direction of the engineer in charge of the plant, which was an ice manufacturing plant, he went through the tank room of the plant, intending to go to the ice room and get out some manufactured ice. In one corner of this tank room was a pump operated by steam. When steam was turned on, as was the case at the time of this accident, it was the duty of plaintiff to see that the pump operated. All that he had to do to put it in operation was to pull a little lever attached to it, if the pump was out of order or had stopped, whereupon the pump would start up and keep running as long as the pressure of steam was on. Alongside of this tank room in which the pump was located was an open pit five feet deep and four or five feet wide, unprovided with any railing or guard of any kind. The pump was set on the floor of the tank room about eight inches from the pit.

On the night of the accident plaintiff, according to his testimony, was in the ice room, which is on the other side of this pit from the tank room, dealing out ice to customers. While he was in this ice room and not hearing the pump "knocking," he concluded it had stopped. Going out to examine it and walking along the floor of the tank room and along the side of the pit, he saw that the pump had stopped. He took

hold of the lever attached to the pump, by which it is started, and jerked it. There was a full pressure of · steam on, and while this lever generally comes back after being pulled, on this occasion, as plaintiff testifies, in pulling it to start the pump he overbalanced himself and fell into the pit, being then about three inches from the edge of the pit. There were no electric lights in the place that night but plaintiff testified that he was carrying a lighted lantern with him at the time. The plant is in operation day and night, although it had not been running that day or night but was just about ready to start up again. Plaintiff testified that he fell down into this pit, right by the pump. He further testified that a railing or banister placed along this pit would not have interfered with it for the purposes for which it was intended but that there was no kind of partition there, nothing but the open pit.

Plaintiff testified as to his injuries, which consisted, as before stated, of a broken arm; that he was fifty-six years old; that he was earning two dollars a day at the time of his injury and had been employed by defendant off and on for six years; that since his injury he had not been able to do any work at all except for two days; had worked a little but had to quit as he could not stand it. This is practically all of his testimony.

Defendant, at the close of plaintiff's evidence and again at the close of all the testimony, interposed demurrers which were refused, defendant excepting.

At the request of plaintiff the court instructed the jury, among other things, that if they found that the pump in question was located within a short distance of the pit and that the proximity of the pit to the pump exposed anyone engaged in starting or stopping the pump to the danger of falling into the pit unless it was guarded by a rail or some other device that would obviate the danger of falling into it, and if the jury believed from the evidence that defendant knew or by

the exercise of ordinary care might have known that the operation of the pump by any of its employees exposed them to the danger of falling into the pit, if not guarded in some reasonable way, and the defendant negligently failed to thus guard the pit, and if they further found that plaintiff, while engaged in the performance of his duty and in seeing that the pump was kept in operation, was required to go to the pump to start it and that while starting it and still exercising ordinary care under the circumstances for his own safety, he nevertheless fell into the pit in consequence of its proximity to the pump and the absence of any railing or guard to prevent his falling into it, and that as a direct result of falling into the unguarded pit while engaged in the performance of his duty at the place stated, he was injured, they should return a verdict for plaintiff.

The court further told the jury that while an employee, in accepting employment, assumes the ordinary risks incident to it, he does not assume those occasioned by the negligence of the employer, and while plaintiff in the present case assumed the ordinary risks incident to the work he was called upon to perform, he did not assume those, if any, arising from the negligence of defendant.

The court further instructed as to the measure of damages and what constituted ordinary care.

No error is assigned here to the giving of these instructions, save that it is claimed by the appellant that the case should not have gone to the jury at all and that its demurrer to the evidence should have been sustained; on this the sole assignment of error is founded. In support of this it is claimed that the evidence taken as a whole entirely fails to establish any negligence whatever on the part of the employer, plaintiff with full knowledge of the conditions having assumed the risk. It is further argued that the unguarded condition of the pit was not the proximate

cause of plaintiff's injury and he was therefore not entitled to recover; that the proximate cause was the jerking of the pump which was a mere accident.

We are unable to accede to these arguments. In an old case, Bassett v. City of St. Joseph, 53 Mo. 290, l. c. 300, it appeared that the plaintiff, walking along a street of the city, had occasion to pass near a mule standing by an excavation in the street. The mule became frightened and either kicked plaintiff or plaintiff started back in consequence of the action of the mule and fell into this excavation. The court, at page 300, referring to this, said that if the excavation was there, extending into the public thoroughfare, making it in a dangerous condition, and plaintiff, carefully traveling along the highway, was frightened by the mule, and when attempting to avoid it, was precipitated or jumped into the excavation and was injured, it could not be said that in the nature of things, the kicking of the mule or the fright caused thereby could have been considered the sole cause of the injury. "It is true," said the court, "that if it had not been for the attempt of the mule to kick, the injury might not have occurred; and it is equally true, that if there had been no excavation at hand, the kicking of the mule would have been harmless. How can it be said in such case that either the one or the other of these circumstances was the sole cause of the injury; necessarily each cause contributed, but it took both causes combined to produce the injury." It is further there said that if, on the one hand, the primary cause of the injury was the kicking of the mule or the attempt of plaintiff to escape injury from the mule, no recovery could be had against the city; on the other hand, if the plaintiff, while using ordinary diligence and care on her part, and guilty of no fault, was injured by falling into the excavation, she would have a right to recover, notwithstanding the cause contributing to the injury was the attempt of the mule to kick her and she, in attempting

to protect herself from injury about to be inflicted by the mule, did jump into the excavation and was thereby injured. The case has always been recognized as stating the rule prevailing in our State and has been cited as authority in many cases. Lore v. American Mfg. Co., 160 Mo. 608, 61 S. W. 678, refers to, applies and adopts it.

In Warner v. St. Louis & Meramec River R. R. Co., 178 Mo. 125, 75 S. W. 67, Judge MARSHALL, speaking for Division One of our Supreme Court, says (l. c. 134), that the mere concurrence of negligence and injury does not make the defendant liable. There must be a direct connection between the negligent act and the injury and the negligence must be the proximate cause of the injury. If the injury may have resulted from one of two causes, for one of which and not the other the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and if the evidence leaves it to conjecture the plaintiff must fail in his action. Many authorities are cited in support of both these propositions.

Applying the rule in the Bassett case to the facts before the court in Graefe v. St. Louis Transit Co., 224 Mo. 232, l. c. 272, 123 S. W. 835, Judge Fox, referring to that case, says that it may be true that if it had not been for the shying of the mules, which was caused by the sudden blowing off of steam, the injury might not have occurred, but that it is equally true that if there had been no defect in the street and if the street had been in a reasonably safe condition, the shying of the mule would have been harmless and no injury would have occurred.

The last reference to the Bassett case which we have found is in Obermeyer v. Logeman Chair Co., 229 Mo. 97, 129 S. W. 209. There Judge WOODSON, at page 110, summarizes it as holding that the kicking

of the mule or the fright caused thereby was not the sole cause of the injury and that plaintiff was entitled to recover if she was in the exercise of ordinary care. Stating that the instruction referred to in the Obermeyer case was in line with this and other authorities cited, the court refers to the Bassett case as properly stating the law.

Applying the law as announced in these cases to the facts in the case at bar, it may be said with absolute certainty that the sudden jerk which threw respondent off of his balance could not possibly have resulted in any injury to him, so far as the evidence here shows, unless as the result of that he had fallen into the pit. If the pit had been reasonably protected and reasonably guarded to have prevented those having occasion to work in its vicinity from falling into it, it is clear that plaintiff would not have been hurt.

It is to be noted that there is no charge here made that plaintiff had handled the lever, the jerk of which threw him backward, negligently. The contributory negligence charged is going into the room without his lantern being lighted. His evidence is positive that he had his lighted lantern with him; that but for the light of his lantern, the place was dark, the engineer having removed the electric lamps from the tank room. There is no serious contradiction of this.

The jury were properly instructed in this case and, as remarked, no complaint whatever is made of the instructions, provided any instruction should have been given. We hold that this was peculiarly a case for the jury, and we see no occasion to disturb its verdict.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.